[No. 7477–6–I.   Division One.   May 5, 1980.]

*In the Matter of the Marriage of* CHRISTIE CURRAN,
*Respondent, and* RUSSELL CURRAN,
*Appellant.*

*Robert B. Willoughby* and *Anderson, Hunter, Dewell, Baker & Collins,* for appellant.

*Joseph H. Brinster* and *Jordan, Brinster, Templeman & Jordan,* for respondent.

JAMES, A.C.J.—Plaintiff Russell Curran appeals from the denial of his motion to modify the child support provisions of the decree dissolving the marriage of the parties.

The trial judge awarded each parent custody of two of their four children and ordered Mr. Curran to pay Mrs. Curran $250 per child per month for the children in her custody. There was no appeal taken from the original decree.

Mr. Curran petitioned the court for a modification of the child support provisions. His financial condition has not changed since the original decree. Mrs. Curran, however, has obtained employment and increased her income from nothing to a net income of $700 per month.

Mr. Curran is employed by a family business and receives a salary that is substantially below what he could earn in the open market. The business provides his car and complete medical coverage. Further, his parents pay a portion of his monthly bills and hold title to and make the mortgage payments on his residence. Although his parents ostensibly charge him rent for the home, he has made no rental payments since the dissolution. His parents allegedly keep a record of the bill payments, and he maintains these payments are loans.

Mr. Curran failed to introduce any evidence of the amount of indebtedness and has made no payments on the loan balance. Additionally, his parents give him large sums of cash from time to time.

The trial judge found Mr. Curran's net monthly income to conservatively equal $1,500 to $1,600 without regard to the loans and gifts from his parents. He has not received any pay increases since 1975.

The trial judge entered the following:

5. The Court finds that it is not realistic for respondent to remain in his employment at his ostensible level of income, at least without seeking some alternative.

. . .
9. Both before the dissolution and after the dissolution in May of 1977, respondent has received loans and gifts from his parents in maintaining his standard of living and the Court, considering that fact, is setting child support at a higher figure than it would have based on respondent's earnings.

Finding of fact No. 4 in part.

Mr. Curran's only contention is that the trial judge erred in setting child support based in part on gifts and loans from his parents.

■ In setting child support, a trial judge may consider the economic circumstances of the parents. To overturn the support award, an appellate court must find an abuse of discretion. An abuse of discretion occurs when a judge exercises his discretion on "a ground, or to an extent, [that is] clearly untenable or manifestly unreasonable." *In re Marriage of Nicholson*, 17 Wn. App. 110, 114, 561 P.2d 1116 (1977). Under the circumstances presented, we find no abuse of discretion.

■■ Courts in other jurisdictions have overturned, as excessive, child support awards based on gratuities from relatives, because such loans and gifts are transitory in nature and should not be considered as income or resources. *See, e.g., Hillery v. Hillery*, 342 Mass. 371, 173 N.E.2d 269 (1961); *Robertson v. Robertson*, 207 Ga. 686, 63 S.E.2d 876 (1951). It is unclear, however, from finding of fact No. 4 exactly how the trial judge considered the gifts and loans. When the findings are unclear, an appellate court may look to the oral opinion to aid an interpretation. *Bowman v. Webster*, 42 Wn.2d 129, 253 P.2d 934 (1953). The trial judge's oral opinion indicates that he considered the loans and gifts not as income or resources but as they related to Mr. Curran's economic prospects. Both in finding of fact No. 4 and in his oral opinion the trial judge determined that it was unreasonable for Mr. Curran to continue in a position yielding a very low salary given his educational and business background. A parent should not be

allowed to avoid obligations to his or her children by voluntarily remaining in a low paying job or by refusing to work at all. *Hamner v. Hamner,* 223 Ga. 463, 156 S.E.2d 19 (1967). We decline to hold that a trial judge may not consider gifts and loans in this manner.

In conclusion, we point out that the award in this case is not excessive. Without regard to the gifts and loans, the award leaves the parties with substantially similar disposable incomes. They each have custody of two children. Therefore, because the court's paramount concern is the welfare of *all* the children, it cannot be said that the trial judge's decision was "either manifestly unreasonable or clearly untenable." *Smith v. Smith,* 13 Wn. App. 381, 383, 534 P.2d 1033 (1975).

Affirmed.

ANDERSEN and DORE, JJ., concur.