[No. 11527-1-II.   Division Two.   March 21, 1990.]

*In the Matter of the Marriage of* ROBERT WARD JONAS,
*Appellant, and* CARRIE LEE JONAS,
*Respondent.*

*A. Eugene Hammermaster,* for appellant.
*Gary G. Weber* and *Bertha B. Fitzer,* for respondent.

WORSWICK, J.—After the custody of Robert Jonas's son, Peter, was transferred to Jonas, a court Commissioner fixed the support due from Peter's mother, Carrie Cook, at $125. Jonas now appeals a Superior Court Judge's order revising the Commissioner's order by reducing the amount to $50. Jonas, who is unemployed while attending school, contends primarily that the court erred in determining and then considering his income potential while refusing even to determine Carrie's.[1] Carrie is capable of employment, but she has chosen to stay at home to care for her children. We reverse.

■■ Modification of child support calls for trial court discretion. *In re Marriage of Curran,* 26 Wn. App. 108, 611 P.2d 1350 (1980). The trial court has no discretion, however, as to the factors it must consider. *Smith v. Smith,* 13 Wn. App. 381, 384, 534 P.2d 1033 (1975). Earning capacity of the parents is one of the factors. *In re Marriage of Peters,* 33 Wn. App. 48, 52, 651 P.2d 262 (1982).

Both Robert Jonas and Carrie Cook were voluntarily unemployed; each relied on the spouse for support. Voluntary unemployment, however, will not shield a parent from a child support obligation. *Curran,* 26 Wn. App. at 111. This principle applies with equal force to both men and women.

The record discloses nothing to suggest that either parent was voluntarily unemployed for the purpose of avoiding child support obligations. No matter how legitimate their reasons, however, each is accountable for earnings forgone in making the choice to be unemployed. Although their reasons are different, their status is the same: each is unemployed for personal, albeit legitimate, reasons. The

---

[1]We are surprised to discover that the court declined to do so even after our Commissioner remanded for this express purpose by order dated July 21, 1988. Contrary to the court's apparent view, as expressed in the report of the remand hearing, we see nothing ambiguous in our Commissioner's order, nor do we believe that our Commissioner is unfamiliar with practices of the Pierce County Superior Court in determining child support.

trial court erred in refusing to determine and consider Carrie Cook's earning capacity.[2]

Reversed.

ALEXANDER, C.J., and FARIS, J. Pro Tem., concur.

---

[2]Recent legislation requiring the use of an approved worksheet for calculating child support appears specifically to contemplate the imputation of income to a voluntarily unemployed parent. *See In re Marriage of Sacco,* 114 Wn.2d 1, 4, 784 P.2d 1266 (1990). Although this legislation was enacted after the order in this case, the trial court could avoid many problems by following the new requirements on remand.