# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Parentage of | No. 70899-6-I |
| D.C.A., | |
| D.O.B. 06/30/2001, | DIVISION ONE |
| A minor child. | UNPUBLISHED OPINION |
| HEIDI JENSEN, f/k/a HEIDI M. UNDERWOOD, | |
| Respondent, | |
| and | |
| NICHOLAS J. ALLIE, | |
| Appellant. | FILED: March 17, 2014 |

GROSSE, J. — Nicholas Allie appeals trial court orders denying his motion to revise a child support order and denying his motion for reconsideration. He claims that the court abused its discretion when it found that he is voluntarily unemployed to reduce his child support obligation and imputed income to him. Allie also challenges the trial judge's denial of his request for a deviation from the standard child support schedule, as well as the judge's impartiality. Because Allie provides no evidence showing that his health or age, or any other relevant factors, caused him to change to a much lower paying job, he failed to disclose all of his resources to the court when he requested a deviation, and he presents no evidence that the trial judge was biased, we affirm.

## FACTS

Allie and Heidi Jensen are the biological parents of D.C.A., born June 30, 2001. On April 9, 2009, the trial court entered an order of child support requiring

Allie to pay support. Although the standard calculation was $476.32 per month, the court deviated from this calculation and set the transfer payment at $400.00 per month. The court reasoned:

> The child spends a significant amount of time with the parent who is obligated to make a support transfer payment. The deviation does not result in insufficient funds in the receiving parent's household to meet the basic needs of the child. The child does not receive public assistance.

The court's order listed Allie's monthly net income as $3,304.60.

On June 14, 2013, Allie moved to adjust the order of child support. In this motion, he sought to reduce his monthly payments to $102.00 based upon a net monthly income of $1,299.00 that he earned working at a convenience store. Financial documents listed Allie's 2011 adjusted gross income as $50,570.00 and his 2012 adjusted gross income as $60,453.00. Allie requested a deviation from the standard calculation, asserting "I have my 17 year old daughter [K.A.] residing with me who I owe a duty of support to," and also, "I have 110 overnights per year [with] our son [D.C.A.]."

On July 1, 2013, a court commissioner entered an order of child support. She set the total monthly transfer amount at $778.20 per month based upon the standard calculation. The commissioner found:

> The respondent did not report the income of the other adults in his household in his declaration. The respondent is going to school instead of working. The court finds a basis for finding the respondent voluntarily unemployed. On that basis, the court imputes income to him based upon his age. The court will not grant the respondent's request to deviate child support because of the additional income in the household. As the respondent accepts the petitioner's income, the court finds her income to be $2,389.00 and the respondent's income to be $3,448.00.

2

On July 17, 2013, the court denied in part Allie's motion to revise the July 1 order, "but granted insofar as the respondent is voluntarily underemployed purposely to reduce the child support obligation." The court did not otherwise revise the child support order. On August 19, 2013, the trial court denied Allie's motion to reconsider the July 17 order on his motion for revision.

Allie appeals.

## ANALYSIS

Allie claims that the trial court should not have imputed income to him because he was not voluntarily underemployed. We review a child support award for an abuse of discretion.[1] We also review an order denying a motion for reconsideration for an abuse of discretion.[2] A court abuses its discretion if its decision rests on unreasonable or untenable grounds.[3]

RCW 26.19.071(6) states:

> The court shall impute income to a parent when the parent is voluntarily unemployed or voluntarily underemployed. The court shall determine whether the parent is voluntarily underemployed or voluntarily unemployed based upon that parent's work history, education, health, and age, or any other relevant factors. A court shall not impute income to a parent who is gainfully employed on a full-time basis, unless the court finds that the parent is voluntarily underemployed and finds that the parent is purposely underemployed to reduce the parent's child support obligation. Income shall not be imputed for an unemployable parent. Income shall not be imputed to a parent to the extent the parent is

---

[1] DewBerry v. George, 115 Wn. App. 351, 367, 62 P.3d 525 (2003) (citing In re Marriage of Curran, 26 Wn. App. 108, 110, 611 P.2d 1350 (1980)).
[2] Rivers v. Wash. State Conference of Mason Contractors, 145 Wn.2d 674, 685, 41 P.3d 1175 (2002).
[3] In re Marriage of Dodd, 120 Wn. App. 638, 644, 86 P.3d 801 (2004) (quoting In re Marriage of Leslie, 90 Wn. App. 796, 802-03, 954 P.2d 330 (1998)).

unemployed or significantly underemployed due to the parent's efforts to comply with court-ordered reunification efforts under chapter 13.34 RCW or under a voluntary placement agreement with an agency supervising the child.

A parent cannot avoid obligations to his children by voluntarily remaining in a low paying job or by refusing to work at all.[4] "'If a parent is underemployed but also gainfully employed on a full-time basis, the court must make a further determination as to whether the parent is purposely underemployed to reduce the parent's child support obligation.'"[5]

Allie alleges that finding he was voluntarily underemployed, "GOES TO the father's state of mind." He argues, "ONLY the father can testify to his state of mind. His past work history and other circumstances to [sic] NOT speak to his 'voluntary' state of mind today, currently. Again, the only person who can speak to the 'voluntariness' of his mind is himself. The court ignored his testimony."

In his motion to revise the July 1 order of child support, Allie stated that his income from his job at a convenience store showed he was "clearly not voluntarily unemployed or underemployed." RCW 26.19.071(6) requires the court to consider "work history, education, health, and age, or any other relevant factors" in determining if a parent is voluntarily underemployed. Here, Allie's financial documents indicated that his income decreased significantly after the trial court entered its child support order in 2009, permitting a reasonable

---

[4] In re Marriage of Brockopp, 78 Wn. App. 441, 445, 898 P.2d 849 (1995) (citing Curran, 26 Wn. App. at 110-11).

[5] DewBerry, 115 Wn. App. at 367 (internal quotation marks omitted) (quoting In re Marriage of Peterson, 80 Wn. App. 148, 153, 906 P.2d 1009 (1995)).

inference that he sought to reduce the child support obligation. Allie provided no evidence showing that his health or age, or any other relevant factors, caused him to change to such a low paying job. The commissioner properly found that Allie was voluntarily underemployed and imputed income to him.

Allie contends that he presented evidence with his motion for reconsideration that he was wrongfully terminated by his previous employer. He claims that "he did not voluntarily leave that previous employer, all the more reason to not make a finding that the father was voluntarily underemployed." A litigant may not make arguments on a motion for reconsideration that are "based on new legal theories with new and different citations to the record."[6] "CR 59 does not permit a plaintiff to propose new theories of the case that could have been raised before entry of an adverse decision."[7] Accordingly, we do not consider this argument.

Allie also challenges the court's denial of his request for a deviation from the standard child support calculation. RCW 26.19.075(1) defines the reasons for deviation from the standard child support calculation, including sources of income and tax planning, nonrecurring income, debt and high expenses, residential schedule, and children from other relationships. Where a party requests a deviation from the standard child support calculation, the superior court "shall enter findings that specify reasons for any deviation or any denial of a

---

[6] Wilcox v. Lexington Eye Inst., 130 Wn. App. 234, 241, 122 P.3d 729 (2005).
[7] Wilcox, 130 Wn. App. at 241.

party's request for any deviation from the standard calculation made by the court."[8] RCW 26.19.075(2) requires disclosing all of the income and resources of the parties, their new spouses or domestic partners, and other adults in their households. "The function of RCW 26.19.075(2) is to preclude a deviation from being granted unless (1) the parties have fully disclosed their resources and (2) the court enters specific reasons for the deviation."[9]

Allie claims that the court should have granted a deviation because Jensen's income showed a disparity in their living costs, Allie relied on roommates and gifts or loans to meet his financial needs, the residential schedule caused a financial burden, Allie had a duty to support his child from another relationship, and that the order worked a "severe economic hardship upon him." The commissioner found that although Allie had a domestic partner and a male roommate who lived at his residence, he did not disclose their income to the court. Because Allie failed to disclose all of his resources to the court, the commissioner did not abuse her discretion when she denied his request for a deviation.

Finally, Allie asserts, "Judge Appel cannot testify at all under ER 602 and 605. His statement 'dads don't want to pay child support' actually makes for a disturbing concern about his bias against non-custodial fathers, even to the point of bigotry." Allie provides no transcript from the trial court or any other

---

[8] RCW 26.19.075(3).
[9] In re Marriage of Holmes, 128 Wn. App. 727, 737-38, 117 P.3d 370 (2005).

evidence showing that the judge made this statement. Therefore, we do not address this issue.

CONCLUSION

Because Allie's work history indicates that he was voluntarily underemployed to reduce his child support obligation, he failed to disclose all of his resources to the court when requesting a deviation from the standard child support schedule, and we do not consider Allie's remaining arguments, we affirm.

WE CONCUR: