2014 NOV 24 A 8: 22



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of | ) |
| | ) No. 71296-9-I |
| JEREMY S. WEISS, | ) |
| | ) DIVISION ONE |
| Respondent, | ) |
| | ) |
| and | ) UNPUBLISHED OPINION |
| | ) |
| ANNE M. WEISS, | ) |
| | ) |
| Appellant. | ) FILED: November 24, 2014 |
| | ) |

LEACH, J. — When a child support order arises from an uncontested proceeding, we presume the court did not independently assess the evidence or the reasonableness of the support ordered. If neither party rebuts the presumption, the court can modify the order without a showing of substantially changed circumstances. Because the parties agreed to the child support order in this case, neither party rebutted the resulting presumption, and the circumstances of the parties had changed, the court did not abuse its discretion in modifying the order by eliminating a small upward deviation. The other arguments raised on appeal do not warrant relief. We affirm.

## FACTS

Anne and Jeremy Weiss married in 1997 and divorced in January 2011. They have two children. Jeremy is a radiologist employed by IRAD Medical Imaging. Anne graduated from the Massachusetts Institute of Technology and has worked as an environmental consultant and in a corporate position with Starbucks.

The parties' dissolution included an agreed order of child support. The order deviated upward from the standard support calculation by approximately $600, requiring Jeremy to pay a monthly transfer payment of $2,330. Jeremy also agreed to pay 100 percent of the children's private K-12 school tuition and all fees and equipment expenses for extracurricular activities, such as music, sports, drama, and summer camps. The parties also agreed that Anne, who had been a homemaker and was then unemployed, would receive maintenance of $4,000 per month for one year followed by $3,000 per month for two and one-half years.

In 2012, Anne began working for Starbucks, earning gross wages of $7,995 per month.

In February 2013, Jeremy filed a petition to modify child support. He argued in part that changes in the parties' incomes justified a modification. He alleged that his monthly gross income had dropped by over $5,000 and that Anne's had increased from zero to approximately $8,000. He further alleged that a new owner had purchased the hospital where he practiced and that revenues for his practice had declined. In addition to modification of the transfer payment, he sought a downward deviation based on his substantial residential time with his children. He also requested that Anne pay a pro rata share of the children's extracurricular expenses. Anne argued in part that the court should impute additional income to Jeremy because he is voluntarily underemployed. He works four days a week for eight months of the year. She also argued that Jeremy

should pay her attorney fees, which totaled $21,000, based on her need and his ability to pay.

The trial court granted Jeremy's petition in part. The court found that the parties' incomes had changed and noted that Anne earned approximately $8,000 per month gross in salary. The court found this a substantial change in circumstances warranting elimination of the upward deviation in the transfer payment. The court denied Jeremy's requests for a downward deviation and for Anne to pay her pro rata share of the children's expenses. The court denied Anne's request to impute additional income to Jeremy and ordered him to pay only $3,000 of Anne's $21,000 in attorney fees.

Anne moved for revision but failed to timely serve her motion on Jeremy's counsel. The superior court granted Jeremy's motion to strike the motion for revision. This appeal followed.

## DECISION

We review modifications to child support orders for manifest abuse of discretion.[1] Anne contends the trial court abused its discretion in this case because Jeremey did not prove any substantial change in circumstances and the record does not support the court's finding that the parties' incomes had changed. We disagree.

Washington courts have statutory and equitable powers to modify support orders.[2] As a general rule, courts must find a substantial change of circumstances

---

[1] In re Marriage of Schumacher, 100 Wn. App. 208, 211, 997 P.2d 399 (2000).
[2] Pippins v. Jankelson, 110 Wn.2d 475, 478, 754 P.2d 105 (1988).

before modifying a support order.[3] But this rule presumes the court independently examined the evidence after a contested hearing.[4] When, as in this case, the support order arises from an uncontested proceeding, we presume the court did not independently assess the evidence, and a substantial change of circumstances need not be shown unless one of the parties rebuts the presumption.[5] Anne offers no persuasive basis for applying a different rule here. Nor does she argue that the record rebuts the presumption. Accordingly, the trial court had equitable authority to modify the support order without a substantial change of circumstances.[6]

Contrary to Anne's assertions, the record supports the court's finding that the parties' incomes had changed. At the time of modification, Anne's gross monthly salary was nearly triple her gross "anticipated" wages on the 2010 worksheet.[7] Her net monthly income had increased by roughly $1,200 from $6,761 to $8,025, while Jeremey's had dropped roughly $2,000 from $20,515 to $18,344. Taken together, these income changes support the court's finding that the parties' incomes had changed. And given those changes, we cannot say that the court abused its discretion in eliminating the relatively small upward deviation of $578 a month.

---

[3] Pippins, 110 Wn.2d at 480.

[4] Pippins, 110 Wn.2d at 480-81.

[5] Pippins, 110 Wn.2d at 481-82; Schumacher, 100 Wn. App. at 213; 1 WASH. STATE BAR ASS'N, WASHINGTON FAMILY LAW DESKBOOK § 28.7(4)(d)(i) at 28-75 (2d ed. 2000 & Supp. 2012) (citing Pippins).

[6] See Pippins, 110 Wn.2d at 478-81; Schumacher, 100 Wn. App. at 213.

[7] We note that while the 2010 worksheet listed $3,000 in wages and salaries for Anne, she was not actually working. Rather, the "wages" were "anticipated employment income."

Anne points out that the court actually entered two worksheets in connection with the modification: one reflecting the parties' incomes at the time of modification and one reflecting their projected incomes when maintenance ended some five months later.[8] Relying on the latter worksheet, she argues that modification was unwarranted because her income eventually dropped slightly below her 2010 income and Jeremy's increased by several thousand dollars when maintenance terminated. But the court's oral ruling demonstrates that it relied on the parties' income levels at the time of modification, not the projected postmaintenance income levels.[9] This is consistent with the rule that income changes that were contemplated at the time of the challenged support order, such as the eventual termination of maintenance, do not constitute a change in the parties' circumstances for purposes of modification.[10]

Anne also contends the court abused its discretion in modifying support because Jeremy works only four days a week for eight months out of the year and is therefore voluntarily underemployed. Again, we disagree.

In determining whether a parent is voluntarily underemployed, courts consider a parent's work history, education, health, age, and other relevant factors, such as the customary work schedule for the parent's occupation and whether additional work hours

---

[8] It appears from the court's oral ruling that it entered the second worksheet projecting postmaintenance income because of anticipated future disputes between the parties.

[9] In re Marriage of Rockwell, 141 Wn. App. 235, 240 n.2, 170 P.3d 572 (2007) (findings may be supplemented or clarified by oral opinion.).

[10] See In re Marriage of Arvey, 77 Wn. App. 817, 820, 894 P.2d 1346 (1995).

are available.[11] While working "full time" has some meaning in this context, it does not always mean 40 hours per week.[12] Here, Jeremy alleged in his declaration that he works the maximum number of hours available at his place of employment and that his employment contract prohibits him from taking outside work in his field. Although Anne made some contrary allegations in her declaration, the court resolved the factual dispute in Jeremy's favor. Because substantial evidence supports the court's decision, we will not disturb it.[13]

Anne also argues that the court abused its discretion in making its modification retroactive to August 1, 2013, and in awarding her only a small portion of the attorney fees she requested. Anne does not support either argument with authority.[14] Nor do Anne's conclusory arguments demonstrate an abuse of discretion. The court had authority to make the new support order retroactive to the date the modification petition was filed in February 2013.[15] It had discretion to make its decision retroactive to August 2013. With respect to the court's fee award, Anne nowhere addresses the court's

---

[11] See RCW 26.19.071(6); Schumacher, 100 Wn. App. at 215; In re Marriage of Wright, 78 Wn. App. 230, 234, 896 P.2d 735 (1995).

[12] Schumacher, 100 Wn. App. at 214-15.

[13] In re Marriage of Rideout, 150 Wn.2d 337, 351, 77 P.3d 1174 (2003) ("[T]he substantial evidence standard of review should be applied . . . where competing documentary evidence had to be weighed and conflicts resolved.").

[14] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (arguments not supported by authority need not be considered).

[15] RCW 26.09.170(1).

reasons for awarding only $3,000 of the $21,000 she requested.[16]  She thus fails to demonstrate an abuse of discretion.

The parties' requests for fees on appeal are denied.

Affirmed.

Leach, J.

WE CONCUR:

Dwyer, J.

Becker, J.

---

[16] In its oral ruling, the court told Anne's counsel, "What you charge her for her complaining about [opposing counsel] and her client is not something I order.  Okay? Basically it's the research you did on the income that I'm recognizing."