IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | |
| | ) | No. 33301-9-III |
| DAWN MARIE WALKER, | ) | |
| | ) | |
| Appellant | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| TOMMY RAE WALKER, | ) | |
| | ) | |
| Respondent. | ) | |

KORSMO, J. — Tommy Walker appeals from the denial of his petition to modify child support, arguing that the court erred in not finding a change in circumstances. The trial court did not err and we affirm.

## FACTS

Tommy and Dawn Walker (now Kight) divorced in 2001 after 12 years of marriage. Their three children primarily lived with their mother, although Mr. Walker had regular visitation and custody. He was ordered to pay $850 per month in child support.

In 2007, Mr. Walker won approximately $3,000,000 in the lottery and accepted his winnings as an annuity paid out over 26 years. The court granted Ms. Kight's subsequent motion to modify support and ordered Mr. Walker to pay nearly $2,000 per month.

Facing financial difficulties, Mr. Walker sold nearly half of his future payments in 2009 for $450,000, and two years later sold nearly all of the rest for $550,000. He then brought a motion to modify the child support on the basis that he no longer had the same income level. Throughout this period Mr. Walker has continued to work full-time.

A commissioner granted the motion and Ms. Kight sought revision. The judge granted revision and reversed the modification, concluding that Mr. Walker had a continuing obligation to pay child support and that he dissipated his income stream in bad faith. There was no evidence indicating where the money had been spent and the court found Mr. Walker's explanation not credible.

Mr. Walker then appealed to this court.

## ANALYSIS

Mr. Walker contends the trial court erred in reversing the modification, arguing that his income had changed and the trial court had to improperly impute income to him in order to deny his request. We do not agree.

This court reviews the ruling on a petition to modify child support for abuse of discretion. *In re Marriage of McCausland*, 159 Wn.2d 607, 615, 152 P.3d 1013 (2007). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

Child support is set by statute with the support obligation divided proportionately to the parents' respective income levels. RCW 26.19.001, .080(1). When calculating the

2

child support obligation, the court begins by considering all "income and resources of each parent's household." RCW 26.19.071(1). "Income" is not defined, but the statute does explain various sources of gross income that either must be considered (RCW 26.19.071(3)) or not considered (RCW 26.19.071(4)). Generally, a trial court may modify a child support order "only upon a showing of a substantial change of circumstances." RCW 26.09.170(1)(b). Before modifying child support payments, the trial court must consider "all factors bearing upon the needs of the children and the parents' ability to pay." *In re Marriage of Pollard*, 99 Wn. App. 48, 52, 991 P.2d 1201 (2000). The trial court applies the uniform child support schedule, basing the support obligation on the combined monthly incomes of both parents. RCW 26.19.020, .035(1)(c), .071(1).

Also relevant to our discussion are the ideas of imputed income and voluntary underemployment. RCW 26.19.071(6) states in relevant part:

> **Imputation of income.** The court shall impute income to a parent when the parent is voluntarily unemployed or voluntarily underemployed. The court shall determine whether the parent is voluntarily underemployed or voluntarily unemployed based upon that parent's work history, education, health, and age, or any other relevant factors. A court shall not impute income to a parent who is gainfully employed on a full-time basis.

"Voluntary underemployment" has not been defined in Washington, but we believe that it should be treated similarly to "voluntary unemployment," a concept which has been defined as "unemployment that is brought about by one's own free choice and is

3

intentional rather than accidental." *In re Marriage of Brockopp*, 78 Wn. App. 441, 446 n.5, 898 P.2d 849 (1995). A court's decision on imputation of income due to voluntary underemployment is reviewed for abuse of discretion. *In re Marriage of Wright*, 78 Wn. App. 230, 234, 896 P.2d 735 (1995).

With these thoughts in mind, we turn now to the issue presented by this appeal. The parties and the trial court have consistently treated the lottery annuity as income since that approach was adopted by the trial court in Ms. Kight's motion to modify the original support obligation. On revision, the trial judge also recognized the annuity as income. Because the trial court treated this as an income case, Mr. Walker argues that he was being treated as voluntarily underemployed for diminishing his income even though the court made no findings to support that reasoning. If in fact that were the proper characterization of this case, Mr. Walker would probably be correct. There were no findings made to support a voluntary underemployment ruling.

There is, however, another way to view these transactions—and we believe it is how the trial court viewed the matter. Each time Mr. Walker sold a portion of the annuity he received present value in exchange. Mr. Walker received $1 million as compensation for his now diminished income stream. This is not actually a decrease in income, but rather an accelerated realization of that income. Consequently, Mr. Walker simply failed to establish a *change* in income that would support a modification of the child support order. He simply accepted that annual income in a different form—two

4

lump sum payments instead of monthly payments. He had no ability to convert his income into merely an asset that he could then dissipate.

Accordingly, since the trial court concluded that Mr. Walker had not established his *income* had changed (even if, perhaps, its form had changed), there was a very tenable reason to deny the motion to modify. There was no abuse of the trial court's discretion.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Fearing, C.J.

Pennell, J.