# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Parentage of
N.A.R.P.,

                  Child,

HOLIDAY PALFREYMAN,

                  Appellant,

    v.

JAMES M. ROBLES,

                  Respondent.

No. 75273-1-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: March 6, 2017

LEACH, J. — When a voluntarily underemployed parent remains employed on a full-time basis, a court may not impute income to that parent for child support purposes unless the parent is purposefully underemployed to avoid child support. In this child support adjustment action, a court commissioner found that the voluntarily underemployed father had unreasonably reduced his work hours as a commercial pilot to roughly 24 hours per month and imputed income to him based on 100 hours of flying per month.

The superior court revised the commissioner's decision. While agreeing that the father was working substantially fewer hours than he had in recent years, the court still found that he was employed full time and not underemployed for the purpose of

reducing his support obligation. Thus, the court did not impute income to the father. We reverse in part and remand.

## FACTS

Respondent James Robles and appellant Holly Palfreyman[1] are the biological parents of a son born in 2012. Shortly before their son's birth, Holly filed suit to establish James's paternity, a parenting plan, and child support.

In April 2013, the court entered the parties' agreed parenting plan and child support order. The parenting plan placed their son with Holly and granted James visitation. The child support order set James's gross monthly income at $21,540. James claims this income level resulted from him "working at the maximum number of hours at FedEx"—an average of 83 hours per month—and "flying part time for the California Air National Guard, a position he held for 20 years." The support order imputed $3,425 in gross monthly income to Holly based on her past earnings as a flight attendant. The order set James's monthly child support obligation at $1,751 and required him to pay 85 percent of extraordinary expenses.

Soon after, James's work hours and income dropped significantly. His monthly pay hours went from over 100 in 2011 and 2012 to roughly 20 in 2013 and 2014. The parties agree that FedEx guarantees its pilots a minimum of 74 paid credit hours per month. This includes actual flight time, training, and on-call time.

---

[1] Holly's given name is Holiday. We refer to her as Holly because she uses that name in her briefs before this court.

In October 2015, James filed this action to adjust child support due to his reduced work hours and retirement from the Air National Guard. He asked for a reduction in his monthly support obligation from $1,751 to $179. Holly asked the court to impute income to James because he was voluntarily underemployed and not employed full time.

A court commissioner found James was voluntarily underemployed and imputed $13,746 in monthly net income to him. The court based that amount on "100 hours of flying per month, the maximum allowed by contract and FAA [Federal Aviation Administration] regulation." This reduced his monthly child support obligation from $1,751 to $1,258. James asked for revision.

The superior court revised the commissioner's ruling. The court found that James was employed full time and not underemployed for the purpose of avoiding child support:

> . . . The court finds no evidence that he is voluntarily underemployed for the purpose of avoiding child support.
>
> The Petitioner requested the court impute income of over $200,000 per year to the Respondent. The law does not require a party to work as much as possible.
>
> . . . His income was reduced by his choice to spend more time with [his] children.
>
> The Respondent should not be required to maintain [his previous] level of work on a permanent basis and have child support set at that level of income.

> The court finds that RCW 26.19.071 requires imputation of income under certain circumstances, but that the statute does not require imputation of income to a party who is gainfully employed on a full-time basis.
>
> <u>The court finds that the Respondent's income is $60,000 per year. The court finds that $60,000 per year meets the statutory definition of full-time gainful employment.</u>

(Emphasis added.) The court reduced James's monthly support obligation to $459, roughly 25 percent of his original support obligation. The court also reduced his share of the child's extraordinary expenses from 85 percent to 58 percent.

The court made no findings about attorney fees, did not mention attorney fees on revision, and declined to revise the court commissioner's award to Holly of $600 in attorney fees. Holly appeals.

## STANDARD OF REVIEW

We review child support awards, including a decision whether to impute income, for an abuse of discretion.[2] The party challenging a child support order must show that the court based its decision on untenable or manifestly unreasonable grounds.[3] We review findings about voluntary underemployment and imputed income for substantial evidence.[4]

---

[2] In re Marriage of Pollard, 99 Wn. App. 48, 52-53, 991 P.2d 1201 (2000).
[3] In re Marriage of Curran, 26 Wn. App. 108, 110, 611 P.2d 1350 (1980).
[4] In re Marriage of Stern, 68 Wn. App. 922, 928-29, 846 P.2d 1387 (1993).

## ANALYSIS

### I.

Holly first contends the superior court abused its discretion in refusing to impute income to James. She maintains the court misinterpreted RCW 26.19.071(6), which states in pertinent part:

> (6) **Imputation of income.** The court shall impute income to a parent when the parent is voluntarily unemployed or voluntarily underemployed. The court shall determine whether the parent is voluntarily underemployed or voluntarily unemployed based upon that parent's work history, education, health, and age, or any other relevant factors. A court shall not impute income to a parent who is gainfully employed on a full-time basis, unless the court finds that the parent is voluntarily underemployed and finds that the parent is purposely underemployed to reduce the parent's child support obligation.

(Emphasis added.) Holly contends the court "erroneously concluded that [RCW 26.19.071(6)] gives the court discretion to not impute income to a voluntarily underemployed parent, who works less than full-time." (Second emphasis added.) But the superior court did not reach that conclusion. Rather, the court found that James's "income is $60,000 per year," that "$60,000 per year meets the statutory definition of full time gainful employment," and that there was no evidence "that he is voluntarily underemployed for the purpose of avoiding child support." (Emphasis added.) The court correctly interpreted the statute.

### II.

Holly next challenges the court's conclusion that James is gainfully employed full time. RCW 26.19.071(6) does not define "full time." Our courts, however, have

consistently held that full-time employment need not be 40 hour per week and is determined by the amount of time considered customary or standard for the parent's job.[5] The trial court concluded that James's current income of $60,000 per year "meets the requirements of what I'll adopt as being fully employed." The court's written order echoed that conclusion, stating, "The court finds that $60,000 per year meets the statutory definition of full time gainful employment."[6] The court's findings do not support this conclusion.

The court made no findings about the customary or standard hours for pilots in jobs similar to James's. Nor did it make findings as to the customary or usual salary of a full-time pilot in James's profession. Instead, the court simply based its conclusion on the fact that James currently earns $60,000 per year. This finding, by itself, does not support the court's conclusion that James is gainfully employed full time. We therefore remand this issue for further proceedings consistent with this opinion.[7]

---

[5] See, e.g., In re Marriage of Schumacher, 100 Wn. App. 208, 213-14, 997 P.2d 399 (2000).

[6] When asked after its oral ruling whether the court was making "a finding that $60,000 a year is full-time income for a pilot similarly situated to Mr. Robles," the court said, "No." To the extent this finding conflicts with the court's written finding that James is employed full time, the written finding controls. Grundy v. Brack Family Trust, 151 Wn. App. 557, 571, 213 P.3d 619 (2009).

[7] We note that as the party moving for an adjustment, James has the burden of proving the facts supporting an adjustment downward. Cf. In re Marriage of Dodd, 120 Wn. App. 638, 644, 86 P.3d 801 (2004) ("party seeking child support modification . . . bore the burden of showing his financial condition justified a reduced obligation"); In re Marriage of McCausland, 159 Wn.2d 607, 615-16, 152 P.3d 1013 (2007) (party moving for modification of child support bears burden of demonstrating change in circumstances). We also note that a choice to work less than full time, even with good reason, does not shield a parent from the obligation to support his or her child at a full-time level. In re Marriage of Wright, 78 Wn. App. 230, 233-34, 896 P.2d 735

III.

Holly challenges the superior court's failure to include James's bonus and dividend income in its income calculation. James agrees that the superior court did not expressly consider the bonus income and must do so on remand.[8] He argues, however, that the superior court should be allowed to exclude it if it concludes the income is nonrecurring.[9] Although Holly claims James did not preserve this argument, his counsel argued below that the bonus was "non-recurring" and a "one-time" payment. Thus, he preserved the argument. So we direct the court on remand to enter findings on whether James's bonus income should be included in the calculation of his income.

As for James's dividend income, he concedes the court was required to include that income in his income calculation.[10] He contends, however, that "it is not clear that a remand is needed because the court likely included that amount when determining Mr. Robles's income." James points to nothing in the record supporting this claim. We

---

(1995) (where mother could have obtained full-time employment as a nurse but chose to work half-time, trial court did not err in imputing additional income to her); Pollard, 99 Wn. App. at 53-54 (where mother voluntarily left employment to raise children in her new family, trial court abused its discretion in finding that mother was not voluntarily underemployed and failing to impute income to her).

[8] RCW 26.19.071(3)(r) (income included in monthly gross income includes bonuses).

[9] RCW 26.19.075(b) (allowing court to deviate from standard calculation if income source is not a recurring source of income).

[10] See RCW 26.19.071(3)(h); In re Marriage of Scanlon, 109 Wn. App. 167, 175, 34 P.3d 877 (2001) ("In determining a parent's net income, a court must include . . . interest and dividend income.").

direct the court on remand to include James's dividend income in its income calculations.[11]

### IV.

Holly also contends the superior court abused its discretion in denying her motion to revise the commissioner's award of only $600 in attorney's fees and in failing to award her fees for the motion to revise. She correctly notes that neither the commissioner nor the superior court entered findings about her need and James's ability to pay the fees for the proceedings below. "A lack of findings as to either need or ability to pay requires reversal."[12] We remand for entry of findings on Holly's motion to revise the commissioner's attorney fee award and her request for attorney fees on her motion to revise.

Last, Holly requests an award of attorney fees and costs on appeal under RCW 26.09.140. This statute gives appellate courts "discretion to award attorney fees to either party based on the parties' financial resources, balancing the financial need of the requesting party against the other party's ability to pay."[13] We direct the trial court to decide this issue on remand after deciding whether income should be imputed to James.

---

[11] Based on her speculation that the parties' combined monthly net income on remand will exceed $12,000, Holly asks that we "direct the superior court to establish child support above the standard calculation . . . consistent with the prior child support order." This request is premature.

[12] Scanlon, 109 Wn. App. at 181; In re Marriage of Steadman, 63 Wn. App. 523, 529, 821 P.2d 59 (1991).

[13] In re Marriage of Pennamen, 135 Wn. App. 790, 807-08, 146 P.3d 466 (2006).

Reversed and remanded for further proceedings consistent with this opinion.

_Leach, J._

WE CONCUR:

_Mann, J._

_Cox, J._