IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| KRISTINA KELLY (f/k/a Cale), | ) | |
| | ) | No. 79542-2-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| EDWARD EVELLE CALE IV, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: February 3, 2020 |
| | ) | |

SMITH, J. — Edward Cale IV appeals the superior court's final parenting plan, child support order, and domestic violence protection order entered after his former wife, Kristina Kelly, moved to modify an earlier child support order and parenting plan. Cale asserts that the trial court made a number of errors in connection with entering these orders. However, the errors that Cale alleges are reviewed for abuse of discretion, and Cale did not provide an adequate record for this court to determine whether the trial court abused its discretion. Therefore, we affirm.

## FACTS[1]

Cale and Kelly were married for seven years, during which time they had three children. Following their divorce, on August 22, 2016, the court entered an agreed final parenting plan and a final child support order. The original orders are not part of the

---

[1] Cale designated only two items from the superior court record: (1) his proposed child support schedule worksheets and (2) the notice of appeal. Attached to the latter are copies of a child support order, a parenting plan, and an "Exhibit A, Court's Addendum Findings" (Addendum Findings) in which the court made findings related to parenting and child support. The limited facts in this section are based on the Addendum Findings. Cale disputes many of these facts.

record on appeal. But according to the Addendum Findings, the 2016 parenting plan prohibited Cale from contacting Kelly and provided that Kelly could seek a domestic violence protection order (DVPO) if Cale violated that prohibition. In 2017, the court entered a 10-year DVPO on behalf of Kelly, but the record does not contain the DVPO or the petition seeking the DVPO.

On November 2, 2017, Kelly moved to modify the parenting plan "based partly on allegations that [Cale] had coerced the parties' 4 year old daughter to make false allegations that sexual abuse was occurring at day care." In February 2018, the court entered a temporary parenting plan, which suspended Cale's time with the children, and required Cale to undergo a psychiatric evaluation and a chemical dependency evaluation.

On May 25, 2018, the court found adequate cause to modify the child support order. Cale had been unemployed for a number of years while he pursued his master's degree from Liberty University. In his financial declaration, Cale claimed he had $0 in income and $4,980 in total expenses. Cale alleged that USPS wrongfully terminated him. He requested the "State minimum of Child support be calculated for [him] at $50 per child per month" because he "qualif[ies] as below 125% of the Federal Poverty Level Guidelines."

According to the Addendum Findings, Cale testified that his parents were supporting him, and there was no evidence that Cale was looking for a job. The court found that Cale was "voluntarily unemployed based on his testimony, and the court [was] required by law to impute his income." On this basis, the court ordered back support from February 21, 2014, through December 28, 2018, in the amount of

2

$12,837.53.

The court also found that Cale had abused or threatened to physically abuse a child and that he had a history of domestic violence as defined in RCW 26.50.010(1). The court further found that Cale had "a long-term emotional or physical problem," he had "a long-term problem with drugs, alcohol, or other substances," and he "uses conflict in a way that endangers or damages the psychological development of" the children. Thus, the court suspended Cale's contact with the children until he completed a psychiatric evaluation, chemical dependency evaluation, DV program, and positive discipline parenting program. The court designated Kelly the custodian of the children, and Cale was not given any residential time.

Cale appeals.

## ANALYSIS

Cale asserts that the court erred in entering certain findings and conclusions in connection with the protection order, parenting plan, and child support order. Specifically, he contends that the superior court erred by (1) imposing back child support, (2) finding that Cale had committed domestic violence against his three children and Kelly, (3) granting a protection order on behalf of Kelly, (4) granting Kelly sole custody, and (5) requiring Cale to undergo counseling, drug evaluation, and parenting classes.

Each of these asserted errors are errors that we review for abuse of discretion. In re Marriage of Freeman, 169 Wn.2d 664, 671, 239 P.3d 557 (2010) (reviewing a protection order); In re Marriage of Curran, 26 Wn. App. 108, 110, 611 P.2d 1350 (1980) (reviewing a child support order); In re Marriage of Christel, 101 Wn. App. 13,

3

20-21, 1 P.3d 600 (2000) (reviewing a parenting plan). To show that the trial court abused its discretion, Cale must provide a clear showing of "'discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" Freeman, 169 Wn.2d at 671 (quoting State ex rel. Carroll v. Junker, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)). As further discussed below, the record here is inadequate for Cale to demonstrate that the trial court abused its discretion.

Specifically, with regard to the protection order, Cale argues that Kelly did not provide evidence of domestic violence and that he did not commit domestic violence against his children. Second, Cale contends that Kelly "admitted in court . . . that she '[has] not ever been in danger or believed [her]self to be in danger by Edward Cale." Finally, Cale contends that he was the victim of domestic violence. But Cale did not provide a report of proceedings. Therefore, we cannot determine whether the trial court's determinations were improper, whether Kelly in fact testified as Cale alleges, or whether Cale presented evidence of his own victimization at trial. And so, Cale's challenges to the protection order fail.

Turning next to the child support order, Cale contends that the court erred when it ordered Cale to pay back child support. Specifically, Cale argues that the court should not have exceeded the statutory minimum child support obligation of $50 per month per child and erred when it did not account for his basic needs in calculating his support obligation. The court found that Cale was voluntarily unemployed and that it was required by law to impute income to him.

Cale attaches to his reply brief three e-mails wherein it appears he is seeking a job. However, two of these e-mails were sent over a year after the court issued its

4

decision, there is no evidence that the trial court considered the third e-mail, and we may not consider any of them. See RAP 10.3(a)(8) ("An appendix [to the brief] may not include materials not contained in the record on review without permission from the appellate court."). Furthermore, Cale cites only his financial declaration in support of his contention that his income is—and has been for the last five years—below 125 percent of the federal poverty level.[2] He does not provide us with financial documentation and appears not to have provided it to the trial court. Thus, Cale has failed to show that the trial court abused its discretion in its calculation of back child support.

Finally, with regard to the parenting plan, Cale contends that the trial court erred by (1) designating Kelly the custodian, (2) suspending Cale's residential time, and (3) requiring Cale to attend counseling and complete drug and psychiatric evaluations. But as discussed, the court found that Cale had an emotional or physical problem, a problem with alcohol or other substances, and issues with his use of conflict. And Cale is "obligated to demonstrate why *specific findings* of the trial court are not supported by the evidence and to *cite to the record* in support of that argument." In re Estate of Palmer, 145 Wn. App. 249, 265, 187 P.3d 758 (2008) (emphasis added). Cale did not do so. Because Cale did not point to specific findings or explain why specific findings of the court were not supported by the record, we cannot reach the merits of this issue. In short, though Cale may have sufficiently described his assignments of error, we cannot review a trial court's decision without a complete record. See Structurals Nw., Ltd. v. Fifth & Park Place, Inc., 33 Wn. App. 710, 716-17, 658 P.2d 679 (1983)

---

[2] On January 17, 2020, Cale provided two paystubs from November 2019 through January 2020. Because they were not before the trial court, we may not consider them.

(discussing the requirement that the appellant provide the record necessary to determine whether the finding which they challenge is supported by the evidence). And while we appreciate that the Rules of Appellate Procedure can be challenging for self-represented appellants like Cale, the law does not distinguish between self-represented appellants and those represented by counsel. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

We affirm.

WE CONCUR: