[No. 17145-7-II.    Division Two.    July 7, 1995.]

*In re the Marriage of* WENDELL BROCKOPP, *Appellant, and* DIANE BROCKOPP, NKA DIANE BUDD, *Respondent.*

---

[18]*Moorman v. Walker*, 54 Wn. App. 461, 466, 773 P.2d 887, *review denied*, 113 Wn.2d 1012 (1989).

*Brown & Beaufait* by *Mark S. Beaufait*, for appellant.
*Richard L. Shaneyfelt*, for respondent.

BRIDGEWATER, J. — Wendell Brockopp appeals the Superior Court's order modifying a child support order. He argues that the court should have imputed income to his former wife and deviated from the standard support calculation on the basis of his former wife's household income. We reverse and remand for further proceedings.

## FACTS

Wendell Brockopp and Diane Brockopp (n/k/a Budd) married in 1976 and separated in 1985. A decree of dissolution was entered November 5, 1985. Diane is now married to Conrad Budd.

Wendell and Diane had four children during their marriage: Michael, Angela, and the twins, Kimberly and Debra. Diane was granted custody of the children under the original parenting plan.

In 1991, Wendell filed a "Petition to Modify Parenting Plans, Child Support, and Property Distribution". As a result, the court increased Diane's support obligation, concluding that substantial changes had occurred in the circumstances of the children since the entry of the original support order. Specifically, Michael had moved in with Wendell, and Angela had moved in with Diane's sister. The court also concluded that "[Diane] is voluntarily unemployed".[1] However, the court did not impute income to her as required by RCW 26.19.071(6). Instead, it calculated her support obligation on the basis of her gross monthly income of $515. Interest and dividend income ac-

---

[1] Disputed finding of fact 3 states:

"The Respondent is unemployed. She previously worked at a motel on an irregular schedule. On the average, she worked 10 hours per month; and has not worked since the motel was closed approximately 9 months before trial. She has made no attempt to find work since that time. Her reasons for not seeking employment are that she prefers to stay home to care for the twins and maintain the household for the twins and her fiance. She receives $200.00 per month in maintenance from a previous marriage and $315.00 per month in interest on her savings account. Her savings account consist[s] of approximately $63,000, derived from the sale of the family residence. Respondent has graduated from high school, is 36 years old, and has no physical disabilities, preventing her from working".

counted for $315 of that amount; the rest came from spousal maintenance from another dissolution. The child support worksheet filed at that time listed Conrad's income as $1,200. No appeal was taken of this order.

One year later, in February 1993, Diane petitioned to modify the 1992 child support order because the twins had moved into a new age category, she had not been receiving spousal maintenance from the other dissolution, and a previous orthodontia obligation had ended. She submitted a child support worksheet reporting her gross monthly income as $315 and Conrad's income as "Net 1,488". There was no substantial change from the information previously supplied to the court in 1991.

In response, Wendell filed a "MEMORANDUM RE: CHILD SUPPORT". He argued that the trial court should impute Diane's income at $1,398 per month because she was voluntarily unemployed. He also argued that the court should deviate from the standard calculation because of Conrad's income. He submitted a worksheet calculating Diane's support obligation on the basis of gross monthly income of $1,713 (imputed income of $1,398 and interest/dividend income of $315). Wendell also submitted a declaration in which he stated that Diane was voluntarily unemployed. He noted that she was 38 years old, in good health, a high school graduate and had work experience.

The case was tried on affidavits. The court found that the child support order should be modified because the twins had turned 12. The court made a standard child support calculation. The worksheet lists Diane's gross monthly income as $315, shows Diane and Conrad's household assets and lists Conrad's income. The court did not impute income to Diane and made no findings or conclusions regarding imputed income.

## ANALYSIS

In this case, the Superior Court modified the 1992 sup-

port order pursuant to RCW 26.09.170(4)(b), which authorizes modification absent substantially changed circumstances when a child moves into a new age category. Wendell argues that the court erred by not imputing income to Diane when it modified the prior support order.

■■ In all proceedings that determine or modify child support, the uniform child support schedule applies.[2] The schedule bases the child support obligation on the combined monthly incomes of both parents.[3] RCW 26.19.035(3) requires the completion of worksheets in every proceeding where child support is determined. The modification that Diane requested called for application of the court's discretion in setting support. When the court's discretion is invoked, it has the right and duty to consider all relevant factors that it would in any modification.

■ A parent cannot avoid obligations to his or her children by voluntarily remaining in a low paying job or by refusing to work at all.[4] RCW 26.19.071(6) specifically provides:

> The court *shall* impute income to a parent when the parent is voluntarily unemployed or voluntarily underemployed. The court shall determine whether the parent is voluntarily underemployed or voluntarily unemployed based upon that parent's work history, education, health, and age, or any other relevant factors. A court shall not impute income to a parent who is gainfully employed on a full-time basis, unless the court finds that the parent is voluntarily underemployed and finds that the parent is purposely underemployed to reduce the parent's child support obligation. Income shall not be imputed for an unemployable parent. . . . In the absence of information to the contrary, a parent's imputed income shall be based on the median income of year-round full-time work-

---

[2]RCW 26.19.035(1)(c); *In re Marriage of Bucklin*, 70 Wn. App. 837, 840, 855 P.2d 1197 (1993).

[3]RCW 26.19.020; RCW 26.19.071(1); *Bucklin*, at 840.

[4]*In re Marriage of Curran*, 26 Wn. App. 108, 110-11, 611 P.2d 1350 (1980).

ers as derived from the United States bureau of census, current populations reports[.][5]

(Italics ours.) *See also* Washington State Child Support Schedule, Income Standard 6.

■ ■ In a modification proceeding, the uniform child support schedule requires the court to make written findings of fact that must be supported by the evidence and in turn support the court's conclusion.[6] On appeal, we will not substitute our judgment for that of the trial court where the record shows that the trial court considered all relevant factors.[7]

■ In response to Diane's motion to modify the support order, Wendell filed a memorandum and worksheets asking the trial court to impute income to Diane.[8] Under RCW 26.19.071(6), the court must impute income to a voluntarily unemployed parent. Thus, employment status is a relevant factor that must be considered by the court when making a child support calculation. Here, the court made no findings or conclusions regarding Diane's employment status; but one year earlier, with the same circumstances, the court found Diane to be "voluntarily unemployed". In the absence of findings and conclusions on this issue, the record is inadequate for review and remand is appropriate.[9] This matter is remanded for the entry of finding and a recalculation of support if need be, with regard to the Diane's employment status.

---

[5]"Voluntary unemployment" is not defined in the child support statute. In *In re Marriage of Blickenstaff*, 71 Wn. App. 489, 493, 859 P.2d 646 (1993), we found the usual and ordinary meaning of that term to be unemployment that is brought about by one's own free choice and is intentional rather than accidental, and that one who is unemployable cannot be "voluntarily unemployed".

[6]RCW 26.19.035(2); *Bucklin*, 70 Wn. App. at 840; *see also In re Marriage of Lee*, 57 Wn. App. 268, 272, 788 P.2d 564 (1990).

[7]*In re Marriage of Stern*, 57 Wn. App. 707, 717, 789 P.2d 807, *review denied*, 115 Wn.2d 1013 (1990).

[8]RCW 26.09.175(1) provides that "[a] proceeding for the modification of an order of child support shall commence with the filing of a petition and worksheets".

[9]*See Lee*, at 276.

447

█ We find no error with regard to Conrad's income. Deviation is not mandatory under the child support act.[10] The record indicates that the court considered Conrad's income and assets and determined that deviation was not appropriate.

We hold that attorney's fees should not be awarded to either party on appeal.

We reverse and remand for further proceedings.

HOUGHTON, A.C.J., and FLEISHER, J., concur.

---

[10]*In re Marriage of Griffin*, 114 Wn.2d 772, 791 P.2d 519 (1990).