

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 32650-1-III |
| | ) | (consolidated w/ |
| KERT A. CARLSON, | ) | No. 33650-6-III, |
| | ) | No. 35266-8-III) |
| Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | UNPUBLISHED OPINION |
| REBECCA M. CARLSON, | ) | |
| | ) | |
| Respondent. | ) | |

PENNELL, A.C.J. — Kert Carlson appeals multiple trial court orders imposing financial obligations resulting from his marital dissolution. We affirm.

FACTS

Kert Carlson and Rebecca Carlson, now known as Rebecca Eismann, were married in 1999. During the course of their marriage, the parties had three children. Ms. Eismann primarily stayed home to care for the children. Mr. Carlson worked as the sole proprietor of a silk-screening and embroidering business.

Mr. Carlson and Ms. Eismann separated in 2013. On June 4, 2013, Mr. Carlson petitioned in Spokane County Superior Court for dissolution of the marriage.

*Pretrial temporary maintenance and child support orders*

Prior to trial, temporary orders were issued requiring Mr. Carlson to pay spousal maintenance and child support. He did not comply. On February 14, 2014, a judgment was entered against Mr. Carlson in the amount of $43,862.07, requiring him to pay back-child support, back-maintenance, attorney fees, and business valuation fees. Mr. Carlson did not appeal the February 14 judgment.

*May 2014 trial proceedings*

A dissolution trial was held in May 2014 with Mr. Carlson participating pro se. Mr. Carlson provided very limited information regarding his finances during trial. On cross-examination, Mr. Carlson testified he had a net monthly income of $8,442 and could afford to pay $1,250 in child support each month. 1 Report of Proceedings (May 19, 2014) at 165. Mr. Carlson did not detail how he had arrived at these figures.

Ms. Eismann called accountant Todd Carlson[1] to testify at trial. Todd Carlson had reviewed Mr. Carlson's tax returns and profit and loss statements from his business. Based on that information from a three-year period ending in October 2013, Todd Carlson

---

[1] Todd Carlson is not related to either of the parties.

estimated Mr. Carlson's gross monthly income at $17,242. Todd Carlson explained he

had discounted depreciation, home office, and automobile expenses of over $90,000 that

had been listed on Mr. Carlson's tax returns. According to Todd Carlson, the

aforementioned expenses lacked sufficient justification. Todd Carlson also explained that

Mr. Carlson was not paying any federal income taxes because his tax returns indicated he

was carrying forward a prior business loss. Mr. Carlson did have income deductions

based on social security and Medicare. After these deductions, Todd Carlson estimated

Mr. Carlson's net monthly income at $16,467.

In addition to the evidence presented regarding Mr. Carlson's income, Ms.

Eismann provided detailed testimony regarding her own finances. She asked the court to

calculate her net monthly income at $4,452.81. Ms. Eismann testified that Mr. Carlson

had yet to make any maintenance or child support payments. Mr. Carlson did not present

any evidence contesting Ms. Eismann's income information.

The superior court entered findings of fact and conclusions of law on June 27,

2014. In calculating the parties' respective incomes, the court relied heavily on

accountant Todd Carlson's testimony. The court agreed with Todd Carlson that Mr.

Carlson's income should not be reduced based on depreciation or home office expenses.

However, the court did find Mr. Carlson's monthly business-related automobile expenses

3

of $550 were appropriate. Clerk's Papers at 1889. The court ultimately calculated Mr.

Carlson's net monthly income at $15,592 and Ms. Eismann's at $4,452. *Id.*

In addition to its findings regarding income, the trial court deemed Mr. Carlson

had been intransigent, causing Ms. Eismann to incur additional legal fees. Mr. Carlson

was thus ordered to pay Ms. Eismann $20,000 in attorney fees.

On July 23, 2014, Mr. Carlson appealed the trial court's (1) dissolution decree,

(2) findings of fact and conclusions of law, (3) supplemental findings of fact and

conclusions of law, (4) final parenting plan, and (5) order of child support, all of which

were entered on June 27, 2014. The notice of appeal did not reference any prior court

orders, findings or judgments.

*Posttrial child support modification proceedings*

In 2015, Mr. Carlson petitioned for modification of child support based on several

changes in circumstances, including a reduction in income. Trial was held on the

proposed modification, as well as issues related to relocation and the parenting plan, in

March 2017. The trial court heard testimony regarding the parties' finances with Mr.

Carlson continuing to participate pro se.

During the March 2017 trial, Mr. Carlson's primary position was that he had never

had a monthly income of $15,592, as the superior court had found in 2014. He claimed

his current monthly income was $2,070. However, Mr. Carlson admitted he used business income to pay for his household expenses, which totaled approximately $8,500 each month. He also testified that he regularly transferred money between various bank accounts.

The trial court determined Mr. Carlson had not met his burden of showing a substantial change in circumstances. Nevertheless, the court reduced Mr. Carlson's estimated monthly income based on Ms. Eismann's proposal that the court use Mr. Carlson's monthly expenses of $8,500 as a reasonable assessment of his income. This accommodation by Ms. Eismann was beneficial to Mr. Carlson as it significantly reduced his child support obligation.[2]

Mr. Carlson filed a separate appeal for the trial court's April 7, 2017, decision on his petition for modification of child support. Mr. Carlson's appeals have been consolidated for review.

## ANALYSIS

*Judgment for delinquent maintenance and child support*

Mr. Carlson has never appealed the judgment entered on February 14, 2014.

---

[2] The obligation was also reduced based on changes to Ms. Eismann's income along with primary residence changes for two of the parties' three children.

5

This judgment was not extinguished or in any way impacted by the court's entry of the decree of dissolution on June 27, 2014. *See* RCW 26.09.060(11). Nor did the judgment prejudicially affect any of the orders for which Mr. Carlson has filed a timely notice of appeal. *See Anaya Gomez v. Sauerwein*, 172 Wn. App. 370, 376-77, 289 P.3d 755 (2012). Accordingly, Mr. Carlson's challenge to the February 14 judgment is not properly before the court. RAP 5.3(a)(3).

*June 2014 decree and child support order*

Mr. Carlson claims substantial evidence does not support the trial court's June 2014 findings regarding the parties' incomes. He requests that this court accept his conclusory statements about income instead of the detailed evidence introduced by Ms. Eismann. We decline this invitation.

At trial in May 2014, Mr. Carlson presented almost no evidence regarding his personal income. The only detailed information came from Ms. Eismann's expert, accountant Todd Carlson. Todd Carlson explained his calculations and the reasons why he discounted business expense deductions for depreciation and home office space. Nothing in the record indicates the depreciation and home office expenses had an actual impact on Mr. Carlson's personal income. *See In re Marriage of Stenshoel*, 72 Wn. App. 800, 808, 866 P.2d 635 (1993) (The trial court may exclude business expenses that do not

6

actually impact income.). Thus, Todd Carlson's assessment was at least facially

reasonable and provided the trial court a sufficient basis for its findings as to the

parties' incomes.

*April 2017 ruling on petition to modify child support*

Unless otherwise permitted by statute, a child support obligation may be modified

only on a showing of a substantial change in circumstances. RCW 26.09.170(1)(b),

(5)(a). The burden of proving a substantial change has occurred rests with the movant.

*In re Marriage of Bucklin*, 70 Wn. App. 837, 839, 855 P.2d 1197 (1993). An involuntary,

unpredicted, significant reduction in a parent's monthly income may constitute a

cognizable change prerequisite to a modification. RCW 26.09.170(5)(b). Alleged

changes in income must be proved by means of "[t]ax returns for the preceding two years

and current paystubs." RCW 26.19.071(2).

The evidence supported the trial court's determination that Mr. Carlson had

failed to show a substantial change in income. Mr. Carlson's admission that he used his

business income to cover personal expenses undercut his claim that he earned only $2,070

per month. In addition, Mr. Carlson's irregular bookkeeping practices made it nearly

impossible to discern the true nature of his personal income. Ms. Eismann was generous

in suggesting the trial court use Mr. Carlson's monthly expenses as an estimate of his

income.  It was reasonable for the trial court to accept this approach and reduce Mr. Carlson's support obligation accordingly.  The court's determination is not vulnerable to reversal on appeal on these grounds.

*Award of attorney fees and costs*

In a dissolution proceeding, the trial court has authority to award attorney fees based either on the needs of the parties or intransigence.  RCW 26.09.140; *In re Marriage of Greenlee*, 65 Wn. App. 703, 708, 829 P.2d 1120 (1992).  Unlike other contexts,[3] no specific findings are necessary to justify a fee award.  *See Greenlee*, 65 Wn. App. at 708-09.  We review a trial court's fee award for abuse of discretion.  *In re Marriage of Mattson*, 95 Wn. App. 592, 604, 976 P.2d 157 (1999).

Here, the trial court was justified in awarding attorney fees based on both need and intransigence.  As set forth above, the evidence supported the trial court's finding that Mr. Carlson's income was substantially greater than that of Ms. Eismann.  The record is also replete with evidence that Mr. Carlson increased Ms. Eismann's attorney fee expenditures by delaying production of documents, refusing to obey court orders, and by

---

[3] For example, RCW 23B.13.310(2), which was discussed in *SentinelC3, Inc. v. Hunt*, 181 Wn.2d 127, 144, 331 P.3d 40 (2014), conditions the availability of attorney fees on specific findings.

aligning the parties' eldest daughters against Ms. Eismann. Mr. Carlson's challenge to the fee award fails.

## CONCLUSION

The orders on appeal are affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, A.C.J.
Pennell, A.C.J.

WE CONCUR:

_____
Korsmo, J.

_____, J.
Fearing, J.

9