# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| SUSAN KAY STEELE, | No.  50671-8-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| DAVID J. STEELE, | |
| Appellant. | |

GLASGOW, J. — David Steele and Susan McClain (formerly Steele) married and had three children.  McClain petitioned to dissolve their marriage.  Steele did not appear or respond in the dissolution proceedings.  The superior court entered an order of default against Steele, dissolved the marriage, and entered a final order of child support.  Years later, Steele sought to modify his child support obligation.  Steele appeals the superior court's order on revision arising from the child support modification proceedings.

Steele argues the superior court erred when it (1) considered new evidence on revision that was not before the superior court commissioner, (2) found him voluntarily underemployed and imputed his income despite his claimed medical disabilities, (3) included his military

1

disability income but excluded McClain's social security disability income in calculating their respective child support obligations, and (4) failed to verify McClain's income as required by statute.

We affirm the superior court's order on revision.

FACTS

Steele and McClain married in September 2005 and had three children together. McClain also had custody of her five children from a previous marriage. The United States Army honorably discharged Steele due to a disability in the fall of 2010. Steele and McClain also separated that fall.

A.     The Original Child Support Order

McClain sought dissolution in February 2011. She was not able to personally serve Steele with the dissolution petition and related documents because he apparently had moved to Asia. The court entered an order allowing service by mail. McClain then served Steele by mail at his last known address. McClain did not appear or otherwise respond to the petition.

That summer, the superior court granted McClain's motion for default. The court entered a decree of dissolution and a final parenting plan granting her sole custody. The court ordered Steele to pay maintenance and entered restraining orders against him. For purposes of calculating child support, the court adopted McClain's description of Steele's recent military income and entered a final order of child support with a transfer payment from Steele to McClain of $1,293.30. Finally, the court entered findings of fact and conclusions of law.

B.      Motion to Vacate

In October 2014, after having had his passport confiscated at a United States Embassy for failure to pay child support, Steele returned to the United States and sought modification of his child support obligation. He also moved to vacate the default judgment, arguing he did not receive proper notice.

The superior court determined that McClain had properly served Steele by mail. The court explained that it did not believe that Steele was completely unaware of the dissolution proceedings even though he was overseas. The superior court vacated the restraining orders against Steele and set a maintenance termination date. The court declined to vacate the rest of the prior orders, but it did determine that Steele could seek modification of child support from a court commissioner by filing a new motion for modification.

C.      Motion for Modification

More than a year later, Steele moved to modify child support. Steele alleged that he had served in the Army for a number of years, working as a linguist, a chief warrant officer, and a helicopter pilot. Upon his discharge, the Department of Veterans Affairs gave him an overall combined disability rating of 70 percent and a total benefit of $1,228 per month.

Steele claimed to have looked for jobs and educational opportunities since his Army discharge, but he was unable to find gainful employment. He also claimed that he may be unemployable due to disability and that he had been working with the Department of Veterans Affairs to make this determination. Steele asserted that he had meanwhile begun to experience other medical conditions, including severe headaches, insomnia, and unexplained fevers.

Steele reported that his military disability benefit had recently increased to $1,512 per month. Steele submitted his old military pay stubs, bank statements, and disability award information for consideration.

McClain did not respond to the motion for modification, nor did she appear at the hearing. She later claimed that she was never served with this motion or notified of the hearing.

A pro tem commissioner heard the motion and adopted Steele's proposed final order and findings. The commissioner found that there was a change in circumstances warranting a modification of child support because (1) Steele had been medically discharged from the Army, (2) he was no longer receiving income as designated in the worksheets previously filed, (3) he had not been served when child support was originally established, (4) McClain received the vast majority of Steele's separation pay (which was converted into disability pay), and (5) McClain had received a joint tax refund the following year in the amount of about $15,000. The commissioner found McClain did not disclose to the court that she had received part of Steele's separation pay or the tax refund when she initially filed for default.

The commissioner set Steele's income at the amount he had received in military disability benefits before the recent increase, without imputing more income. The commissioner then imputed a minimum wage income to McClain. The order reduced Steele's child support payment from $1,293 to $153 per month.

D.      Motion for Revision

Both parties moved for revision. Both parties also sought consideration of supplemental narrative declarations, which had not been before the commissioner.

4

In her supplemental declaration, McClain explained that she was not currently working, but she provided childcare for her children, the youngest still in elementary school. Both McClain and her children had health issues that prevented her from working. One of their young daughters had been severely injured in a fall and had to have multiple surgeries. McClain said she was just trying to make ends meet. McClain attached Facebook pictures of Steele and his new wife vacationing on a beach in the Caribbean.

In response, Steele explained in his supplemental declaration that he eventually found some periodic work teaching English as a second language in Mexico. Steele said that he and his new wife lived in Mexico, and the Facebook pictures were taken while on a short vacation in Cancun.

The superior court held a contested hearing on revision. McClain represented herself at the hearing. McClain advised the court that she had not been in the labor force since 2006. She previously worked at a tanning salon and at a nursing home. McClain confirmed she received child support from her previous marriage. She also confirmed she received social security disability benefits in the amount of $730 per month. The superior court concluded that McClain had a minimum wage skill level.

Steele did not appear at the hearing because he was in Mexico, but he was represented by his attorney. His attorney advised the court that "most of his income, if not all of his income, is the disability income from the military." Verbatim Report of Proceedings (VRP) (Jan. 20, 2017) at 13. Steele's attorney referred the court to the sealed financial documents he had submitted with his original filings in 2014 as verification of his income and/or income potential. Counsel advised that Steele was trying to have the Department of Veterans Affairs train him and

determine whether he was employable, but the Department had not finished all of the necessary testing.[1]

The superior court entered a written order on revision and a revised final child support order. The court remarked on Steele's Cancun vacation pictures in the record. The court found Steele's arguments concerning his inability to work unconvincing, stating: "[T]here is no evidence to indicate that Mr. Steele is not capable of full-time employment." Clerk's Papers (CP) at 368. The court concluded the commissioner had erred in limiting Steele's income to only the military disability benefits. The court found Steele was voluntarily underemployed and imputed his income based on the minimum wage; it also included his military disability benefits as other income.

The superior court explained that McClain had not been working because she is a full time mother to the children, including the youngest child who had life threatening medical issues. It found that there was no record of McClain's wage earning, and although she reported disability income, the court imputed full time minimum wage for McClain as the commissioner had.

Thus, the only changes on revision were that the superior court judge imputed full time minimum wage income to Steele in addition to his military benefit, which the court treated as other additional income, and the judge increased the amount of minimum wage income imputed to both parents, presumably based on an intervening increase in the minimum wage. In the

---

[1] After the hearing, both parties submitted updated financial declaration worksheets, but the superior court did not include the income information reported in those updated worksheets in its own worksheet calculating revised child support obligations. Specifically, the court did not include an increase in Steele's military benefit, his new income from teaching in Mexico, or McClain's social security benefit in its calculations.

revised final child support order, Steele's transfer payment to McClain increased to $945.02 per month.

On reconsideration, the superior court eliminated the portion of Steele's back support obligation that predated McClain's petition for dissolution, but denied his other requests, and stated, "I see no reason why I should not keep my imputed income at minimum wage for both of them." VRP (May 12, 2017) at 8.

Steele appeals.

## ANALYSIS

Steele argues that the final child support order on revision is erroneous. We disagree.

A.     Child Support Modifications and Standard of Review

The superior court generally has broad discretion to modify child support when there has been a substantial change in circumstances. *Goodell v. Goodell*, 130 Wn. App. 381, 388, 122 P.3d 929 (2005); RCW 26.09.170. We treat unchallenged findings of fact as verities on appeal. *In re Marriage of Fiorito*, 112 Wn. App. 657, 665, 50 P.3d 298 (2002). We will not reverse the superior court's decision on modification absent a manifest abuse of discretion. *McCausland v. McCausland*, 159 Wn.2d 607, 616, 152 P.3d 1013 (2007). The superior court "abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

B.     New Evidence on Revision

Steele argues that the superior court erred when it considered new evidence in a declaration submitted on revision, which was not before the superior court commissioner. But

because Steele asked the superior court judge to consider new evidence in the form of his own narrative declaration, he invited the error.

RCW 2.24.050 limits the superior court's review on revision to the evidence before the commissioner and the commissioner's findings of fact and conclusions of law. *See also In re Marriage of Moody*, 137 Wn.2d 979, 991-92, 976 P.2d 1240 (1999); *Goodell*, 130 Wn. App. at 388 ("Generally, a superior court judge's review of a court commissioner's ruling, pursuant to a motion for revision, is limited to the evidence and issues presented to the commissioner."). In several cases, Washington courts have concluded that the consideration of new evidence or issues on revision may constitute reversible error. *E.g.*, *Goodell*, 130 Wn. App. at 389; *In re Marriage of Balcom*, 101 Wn. App. 56, 59-60, 1 P.3d 1174 (2000). Where the parties have presented new evidence on revision, the superior court should remand to the commissioner for further proceedings. *Moody*, 137 Wn.2d at 992. But under the doctrine of invited error, a party may not complain on appeal about an error that he or she affirmatively participated in creating. *In re Dep. of K.R.*, 128 Wn.2d 129, 147, 904 P.2d 1132 (1995).

Here, both parties submitted supplemental narrative declarations on revision and asked the superior court to consider them. The superior court should not have considered the supplemental declarations because they were not evidence presented to the commissioner. *See, e.g.*, *Goodell*, 130 Wn. App. at 389. Nevertheless, Steele himself invited the superior court judge to review the child support modification anew by submitting a narrative declaration that was not part of the record before the commissioner. Steele asked the court to consider new evidence and then complained the superior court had considered new evidence. We therefore deem his claim of error regarding the court's consideration of supplemental narrative declarations to be waived.

We hold that Steele cannot now complain that the superior court judge considered the supplemental narrative declarations submitted upon revision.

C.     Imputation of Income

Steele argues the superior court erred when it found him voluntarily underemployed and imputed his income for purposes of the child support calculation despite his disability. We disagree.

If a parent is voluntarily unemployed or underemployed, the superior court must impute income to that parent. RCW 26.19.071(6). The court evaluates "that parent's work history, education, health, and age, or any other relevant factors" to "determine whether the parent is voluntarily underemployed or voluntarily unemployed." RCW 26.19.071(6). If a parent is unemployable, the superior court must not impute income to that parent. RCW 26.19.071(6). The court shall also impute a parent's earnings in the absence of records reflecting a parent's actual earnings. RCW 26.19.071(6).

We have interpreted the term "voluntarily" broadly in this context. In *In re Marriage of Pollard*, 99 Wn. App. 48, 52, 54, 991 P.2d 1201 (2000), for example, we held that a superior court abused its discretion in refusing to impute income to "a career woman who voluntarily quit working full time to work part time and care for the two children of her new marriage." We similarly reversed the superior court's decision not to impute income to a parent who had remarried and stayed at home to raise children, remanding for a redetermination of whether the parent was voluntarily unemployed and whether income should be imputed. *In re Marriage of Brockopp*, 78 Wn. App. 441, 445-46, 898 P.2d 849 (1995); *see also In re Marriage of Jonas*, 57

9

Wn. App. 339, 340-41, 788 P.2d 12 (1990) (holding that a parent who stopped working to attend school was voluntarily unemployed).

In *Goodell*, 130 Wn. App. at 385, a parent had found a job, but left after a few months because it demanded a long commute that "adversely affected her ability to secure daycare." Even though the parent "present[ed] evidence of attempts to obtain employment," we concluded that she had not "provide[d] any reasonable explanation about why she failed to hold a job" for 16 months. *Id.* at 390. We held that the superior court abused its discretion "when it failed to find [the parent] voluntarily unemployed and failed to impute her income." *Id.*

Here, the trial court did not abuse its discretion when it imputed Steele's income at minimum wage. The trial court found, based on Steele's own declarations, that he is capable of full time employment. Steele's declarations provided evidence of his work history, education, health, and other relevant factors. While in the Army, Steele served as a linguist and a helicopter pilot, among other things. Steele had some college education. The fact that Steele's disabilities prevented him from continued employment with the Army did not mean he was unemployable as a civilian. Steele did not submit any declarations from medical professionals concerning his physical ability to work as a civilian on a full time basis. He also did not submit declarations from any mental health professionals addressing whether his depression prevented him from working on a full time basis. The superior court found his arguments about why he was not working to be unconvincing.

We do not substitute our judgment for the superior court's judgment, reweigh the evidence, or reevaluate credibility. *Wilson v. Wilson*, 165 Wn. App. 333, 340, 267 P.3d 485 (2011). Steele has not assigned error to any of the trial court's descriptions of his activities since

10

his discharge. We conclude the superior court did not err when it found Steele voluntarily underemployed and imputed his income based on the minimum wage despite his claimed disabilities.

D.      Disability Benefits

Steele argues the superior court erred when it included his military disability income as "other income" in addition to his imputed minimum wage, but did not treat McClain's social security disability income as "other income" in addition to her imputed minimum wage when calculating their respective support obligations. Br. of Appellant at 16-17. We disagree.

Generally, a parent must disclose and the superior court must consider all income and resources of each parent's household when the court determines each parent's child support obligation. RCW 26.19.071. Under RCW 26.19.045, a disabled veteran must disclose "regular compensation for disability incurred in or aggravated by service in the United States armed forces paid by the veterans' administration." The superior court "*may* consider [this] compensation as disposable income for purposes of calculating the child support obligation." RCW 26.19.045 (emphasis added). Thus, by its terms, RCW 26.19.045 gives the superior court discretion to determine whether, and if so, how it will include a veteran's disability income in its calculation of gross monthly income.

Here, Steele properly reported his veteran's disability income to the commissioner in his documentation supporting his motion for modification. And given the court's broad discretion as to how to treat this income, the superior court did not err when it included Steele's military disability benefits as "other income" in his gross income calculation. *See* RCW 26.19.045.

With regard to McClain's social security benefits, the superior court judge was limited to considering the financial information presented to the commissioner. McClain said that she was not served with Steele's motion for modification of child support before the commissioner, she did not file a response, and she did not appear at the hearing. As a result, the commissioner imputed minimum wage income to her. The superior court did not change this imputation on revision and it appropriately did not consider the updated information about her social security benefits provided on revision. *E.g.*, *Goodell*, 130 Wn. App. at 389 (concluding even though the court relied on a parent's most current income information, it did so improperly, because the information was not before the commissioner).[2]

We conclude that the superior court had discretion to include Steele's military disability income as other income and appropriately imputed McClain's income on revision rather than relying on new information about her social security benefit.

E.     Verification of Income

Steele argues the superior court erred because it did not require McClain to verify her income as required by RCW 26.19.071(2). We conclude that the superior court proceeded appropriately in the absence of verifying documentation.

Under RCW 26.19.071(2), tax returns for the preceding two years and current paystubs must be provided to verify income and deductions; other sufficient verification is required for income and deductions that do not appear on tax returns or paystubs. But "in the absence of

_____

[2] We note again that Steele also benefitted from the trial court's inability to consider new income information on revision. Steele's military disability had increased, but the trial court used the pre-increase amount that the commissioner relied upon to calculate his child support obligation on revision.

records of a parent's actual earnings, the court shall impute the parent's income." RCW 26.19.071(6). Thus, the legislature has allowed imputation where income verification records have not been provided. This is exactly what the commissioner and judge did here.

Steele relies on *In re Marriage of Bucklin*, 70 Wn. App. 837, 855 P.2d 1197 (1993), to argue that reversal is warranted. Bucklin argued that a substantial change in circumstances had occurred because a hurricane had destroyed one of his real estate holdings. 70 Wn. App. at 839. Bucklin provided his own testimony and handwritten notes as evidence. *Id*. The superior court expressly found that Bucklin had neither complied with the statutory requirements for verifying his income nor presented other sufficient verification to determine income, but still granted his motion for modification of his child support obligation. *Id*. at 839, 841. Division Three of this court reversed the superior court's order reducing Bucklin's child support obligation, holding that the superior court abused its discretion when it granted his motion after "essentially guessing" at his income. *Id*. at 841-42. The court relied on the fact that Bucklin bore the burden to prove a change of circumstances in the first place. *Id.* at 839-40.

*Bucklin* is distinguishable. Bucklin had the burden to show he was entitled to modification of his child support obligation by proving a substantial change in circumstances, but he failed to provide the necessary evidence to meet his burden. *Id.* at 839, 841-42. Here, Steele sought modification of the child support order, not McClain. McClain's failure to provide supporting documentation does not undermine the decision to modify child support in the first instance, as it did in *Bucklin*.

If a party fails to provide the required financial documentation, it is not error for a court to impute that party's income. *See* RCW 26.19.071(6) ("In the absence of records of a parent's

No. 50671-8-II

actual earnings, the court shall impute a parent's income."); s*ee also In re Marriage of Dodd*, 120 Wn. App. 638, 645-46, 86 P.3d 801 (2004).  We hold the superior court did not err when it imputed McClain's gross income based on the minimum wage.

In sum, we affirm the superior court's order on revision.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Worswick, P.J.

Cruser, J.

14