IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 37263-4-III |
| | ) | |
| VERITY BATTISTA, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| ALEX SAHA, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Alex Saha appeals from the superior court's denial of his motions to revise orders dismissing his petition to modify child support and imposing attorney fees as sanctions. We affirm dismissal of the modification petition but reverse the sanctions.

FACTS

The marriage between Alex Saha and Verity Battista was dissolved in January 2016 after a contested trial. Among other things, the final dissolution order obliged Mr. Saha to pay $1,167 each month in child support.

Mr. Saha's child support obligation was based on imputed income of $10,000 per month. The superior court imputed income after finding Mr. Saha had not provided sufficient information about his actual income. His primary evidence was a profit and loss statement for his business. The superior court characterized the document as "cryptic" and indecipherable. Clerk's Papers (CP) at 25-26. Although Mr. Saha claimed to be broke, he lived in Dubai, traveled internationally, made gifts of "Louis Vuitton" and "pearls," and possessed a "Rolex" watch. *Id*. at 17, 25-27, 37-38. The child support order was essentially based on the conclusion that Mr. Saha was hiding his assets. Mr. Saha did not appeal the order.

Almost three years later, Mr. Saha petitioned to modify his child support obligation. He contended he was living in California and his income had decreased substantially. Mr. Saha claimed his current child support obligation imposed a grave hardship.

Ms. Battista opposed modification. She also moved to dismiss the petition and requested attorney fees. According to Ms. Battista, Mr. Saha had not corrected the evidentiary deficiencies that had caused the court to impute income in 2016. She complained Mr. Saha had not provided paystubs, profit and loss statements, or W-2s. She also claimed he was delinquent on his child support.

The superior court commissioner initially denied Ms. Battista's motion to dismiss, reasoning that neither party had provided sufficient information to verify income. The court set a briefing schedule and noted a hearing to occur in 60 days.

Mr. Saha responded to the commissioner's order with a declaration, bank statements (personal and business), and tax returns from 2016 to 2018. Mr. Saha attested he had relocated to the United States and was remarried. He explained he was self-employed through an S-Corporation. He supported his current wife, who was a student, and another of his children who lived in Russia. Because Mr. Saha was self-employed he did not have any paystubs he could submit to support his submissions regarding income. Mr. Saha attested that he was behind in child support because he could not afford the payments ordered in 2016.

There were some inconsistencies between Mr. Saha's bank statements and his financial declaration. For example, the business bank statements indicated Mr. Saha was paying some personal credit card expenses through his business bank account, but those debts were not listed on his financial declaration. In addition, Mr. Saha listed expenses related to utilities, phone, cable and internet on his financial declaration, but those expenses were not reflected in his bank accounts.

Ms. Battista also submitted information in response to the commissioner's order. Assessing Ms. Battista's income was simpler than Mr. Saha's because she was not self-employed. Ms. Battista's employment records showed her monthly income had increased by approximately $1,000 since the 2016 dissolution.

Although Mr. Saha submitted more information than he had in 2016, the commissioner still concluded Mr. Saha appeared to be hiding his income. The commissioner also reasoned that it would be inequitable to adjust child support based solely on Ms. Battista's increased income since Mr. Saha had not sufficiently verified his income. Because Mr. Saha's income was deemed incomplete, the commissioner dismissed Mr. Saha's petition as frivolous and awarded Ms. Batista attorney fees.

Mr. Saha moved to revise the commissioner's dismissal and sanctions. A superior court judge denied both motions, agreeing with the commissioner's rulings. The court also assessed additional attorney fees against Mr. Saha for his "continuation of a frivolous petition." CP at 727; *see also* Report of Proceedings (Nov. 21, 2019) at 33-34.

Mr. Saha timely appeals the superior court's denial of his revision motions.[1]

---

[1] On appeal, we review the decision of the superior court judge, not the commissioner. *In re Marriage of Lyle*, 199 Wn. App. 629, 633, 398 P.3d 1225 (2017). However, because the judge here adopted the reasoning of the commissioner, our analysis includes an assessment of the commissioner's rulings.

ANALYSIS

*Petition to modify child support order*

RCW 26.09.170 sets the ground rules for child support modifications and adjustments. The party seeking modification has the burden of justifying a basis for modification. *In re Marriage of Bucklin*, 70 Wn. App. 837, 839, 855 P.2d 1197 (1993). Whether this burden has been met is up to the discretion of the trial court. We "will not reverse a trial court's decision about whether a substantial change of circumstances has occurred absent a manifest abuse of discretion." *In re Marriage of Arvey*, 77 Wn. App. 817, 820-21, 894 P.2d 1346 (1995). Our abuse of discretion standard of review requires substantial deference to the trial court. A trial court's decision will not be reversed for abuse of discretion unless it was manifestly unreasonable or based on untenable grounds. *In re Marriage of Horner*, 151 Wn.2d 884, 893, 93 P.3d 124 (2004) (quoting *State v. Brown*, 132 Wn.2d 529, 572, 940 P.2d 546 (1997)).

Three components of RCW 26.09.170's modification/adjustment rules are relevant here: (1) modification may be based on a substantial change of circumstances, RCW 26.09.170(5)(a), (2) modification may be based on a severe economic hardship to a parent or the child if more than one year has passed since the child support order was entered, RCW 26.09.170(6)(a), and (3) an adjustment to child support may be ordered

5

after two years have passed since entry of the order or its last modification based on

changes to the parents' income, RCW 26.09.170(7)(a).

Contrary to Mr. Saha's claims, the superior court had tenable grounds for denying

modification or adjustment under each of these components.

First, with respect to a modification based on a substantial change of circumstances,

RCW 26.09.170(5)(a), the court determined the evidence proffered by Mr. Saha was

insufficient to show his complete financial picture. Mr. Saha indisputably pointed to

some changes that occurred since the 2016 dissolution decree. He had moved back to

the United States and was remarried. However, the superior court judge (in adopting

the commissioner's reasoning) determined that, given the holes in Mr. Saha's financial

records, it was not possible to conclude that the entirety of his financial status had

substantially changed since 2016. This was a sufficient reason to deny the petition.

*Bucklin*, 70 Wn. App. at 840.

Second, the missing pieces of Mr. Saha's financial records provided the superior

court with a basis for concluding the 2016 child support order had not caused Mr. Saha

to suffer severe economic hardship. Thus, the court had a basis for denying modification

under RCW 26.09.170(6)(a).

Finally, although the information submitted by the parties indicated Ms. Battista's income had increased, the superior court exercised reasonable discretion in denying an adjustment under RCW 26.09.170(7)(a). The court could have adjusted the child support based on Ms. Battista's changed income, but was not required to do so. The statute says only that an order "may" be adjusted based on a change in income. *Id*. Here, the superior court articulated a tenable basis for declining to issue an adjustment under RCW 26.09.170(7)(a). The court decided it would be inequitable to increase Ms. Battista's support obligation simply because she had provided complete financial information, even though Mr. Saha had not. We will not disturb this assessment on appeal.

Mr. Saha complains that, even if the superior court was dissatisfied with his financial disclosures, it should have imputed his income under former RCW 26.19.071(6)(e) (2011) instead of maintaining the 2016 support order. We disagree. Mr. Saha never cleared the initial hurdle of showing a legal basis for modification. As such, the superior court's only option was to maintain the existing support order.

No. 37263-4-III
*In re Marriage of Battista & Saha*


*Attorney fee award*

Both the superior court commissioner and judge awarded Ms. Battista attorney

fees on the basis that Mr. Saha's petition to modify child support was frivolous.[2] Mr.

Saha contends this was improper. Because he provided substantial information regarding

his financial circumstances, Mr. Saha claims his petition was based on debatable grounds

and should not have resulted in sanctions. Again our review is for abuse of discretion.

*State v. Gassman*, 175 Wn.2d 208, 210, 283 P.3d 1113 (2012). This time we agree with

Mr. Saha.

Reasonable minds could differ as to whether Mr. Saha provided sufficient

evidence to justify his petition. This case is not like *Bucklin*, where the petitioner

provided details as to only one aspect of his finances. *See Bucklin*, 70 Wn. App. at 840.

Mr. Saha submitted tax records and numerous bank statements. These documents

provided a broad overview of Mr. Saha's income and expenses. Although there may

have been some holes, Mr. Saha's records could have supported a finding that his income

---

[2] The record does not contain an express or implied finding of bad faith which might have authorized sanctions under a trial court's inherent authority. Bad faith involves "willfully abusive, vexatious, or intransigent tactics designed to stall or harass." *State v. Gassman*, 175 Wn.2d 208, 211, 283 P.3d 1113 (2012). Carelessness is not enough. *See id.* at 213. The record here shows Mr. Saha may have been careless, but it is insufficient to support a conclusion of bad faith.

8

was lower in 2019 than it was in 2016 and that he was experiencing financial hardships. Indeed, the bank records reveal Mr. Saha regularly overdrafted his checking account. This would not appear indicative of someone who was flush with cash, but hiding income. In addition, Mr. Saha's self-employment meant he could not be expected to produce paystubs or W-2 statements. There was no legal requirement that Mr. Saha provide profit and loss statements for his business. Given the superior court's dissatisfaction with the profit and loss statement back in 2016, it is not surprising Mr. Saha did not attempt to justify his modification petition with this type of evidence.

The superior court may have been justified in denying Mr. Saha's petition, but that does not mean attorney fees as a sanction were warranted. "A case is not necessarily frivolous because a party ultimately loses on a factual or legal ground." *W.R.P. Lake Union Ltd. P'ship v. Exterior Servs., Inc.*, 85 Wn. App. 744, 752, 934 P.2d 722 (1997). A legal petition that presents debatable issues of law and fact generally does not qualify as frivolous. *See Mahoney v. Shinpoch*, 107 Wn.2d 679, 691, 732 P.2d 510 (1987). Because the merits of Mr. Saha's petition were at least debatable, he should not have been sanctioned for submitting a frivolous petition. We reverse the superior court's imposition of attorney fee sanctions.

No. 37263-4-III
*In re Marriage of Battista & Saha*

CONCLUSION

The order on revision affirming dismissal of Mr. Saha's petition to modify child support is affirmed but the judgment and order regarding attorney fees as a sanction is reversed. Ms. Battista's request for attorney fees on appeal is denied.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Fearing, J.

10