**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| MARYCRUZ VILLEGAS, | No. 84193-9-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| JONATHAN ADA, | |
| Respondent. | |

FELDMAN, J. — Marycruz Villegas (the mother) and Jonathan Ada (the father) share a child in common. The mother appeals from superior court orders entered after a trial on her petitions to relocate to California with the parties' child and to modify the parenting plan. The mother challenges the trial court's decision to allow relocation but primarily allocate residential time during school holidays to the father. The mother also challenges the denial of her request to modify child support. Because the court acted within its broad discretion as to both issues, we affirm.

<u>FACTS</u>

The parties dissolved their marriage in 2020, and the trial court entered an agreed parenting plan and child support order for their dependent child, Z.A. The parenting plan's residential provisions provided for Z.A. to live primarily with the

mother but reside with the father on alternate weekends and allowed for liberal additional visitation with the father during the week as his work schedule allowed. The child support order required the father to pay monthly child support of $100 to the mother, an amount that deviated from the standard calculation under the child support schedule, based on the father's support for another child and his significant residential time with Z.A. The child support also required the parties to equally share expenses incurred for daycare, education, and sports. In an accompanying declaration, the mother stated that her household had adequate financial resources to support the child and that a $100 monthly payment from the father was "sufficient."

In May 2021, the father filed a motion for contempt alleging that, since the beginning of the year, the mother had refused to follow the parenting plan, had limited his contact with Z.A., and had coerced him into signing an agreement that significantly reduced his residential time.

Approximately two weeks later, the mother filed a petition to modify the parenting plan. The mother checked boilerplate language indicating that the parenting plan had become "difficult to follow" because of changes in residence and/or work schedule. The mother requested sole authority to make decisions regarding education, alleging that the father was "not involved," and expressly declined to request adjustment of child support.

In July 2021, after a hearing on the father's contempt motion, the court found that the mother had not followed the parenting plan and that the agreement limiting the father's residential time was not approved by the court or enforceable,

but declined to find the mother to be in contempt. The court directed the parties to follow the parenting plan and awarded attorney fees to the father.

A week later, the mother filed an amended petition to "Change a Parenting Plan, Residential Schedule or Custody Order." The amended petition was identical to the mother's initial petition, except this time she checked a box to indicate a request to "adjust or change" child support. In her accompanying declaration, the mother stated that her monthly income had increased and that she did not know whether the father's income had likewise changed, and she took the position that the child support deviation should account for the new child that she and her fiancé were expecting. The mother filed child support worksheets in conjunction with the amended petition reflecting that her monthly income was slightly higher than the father's and that his share of the support obligation according to the standard calculation was $595.20.

In August 2021, when Z.A. was five years old, the mother provided statutory notice of relocation stating her intent to relocate to Los Angeles. See RCW 26.09.430 (the parent with whom the child resides a majority of the time is required to provide notice of an intended relocation). The mother stated that both she and her fiancé had the opportunity to transfer their employment to the Los Angeles area. She proposed a new parenting plan that imposed parental restrictions on the father, allocated sole decision-making authority to her, and allowed the father to visit Z.A., but only in California and limited to eight hours per month.

The father objected to the relocation, emphasizing Z.A.'s extensive family connections in Washington and his inability to relocate to California. He

proposed that Z.A. should remain in Washington but spend most of the summer, other school breaks, and one weekend per month with the mother in California.

The trial court entered an order allowing the mother to temporarily relocate and an agreed order finding adequate cause to warrant a trial on modification. In November 2021, the court entered a temporary parenting plan with provisions for Z.A. to reside and attend school in California, allowing visitation with the father on certain weekends if he travelled to California, visitation in Washington during school breaks, and reserving the summer residential schedule for trial.

Trial on relocation and the petition to relocate and modify took place over three days in May 2022. Z.A. was six years old and attending kindergarten at the time of trial. The parents were the primary witnesses. At the conclusion of the trial, based on the evidence presented and consideration of the statutory relocation factors under RCW 26.09.520, the court allowed the mother to relocate with Z.A. However, to compensate for the disruption of the father's frequent contact with Z.A. and in order to provide the "maximum amount of residential time with [the father] within the scheduling constraints of the school year," the residential schedule provides for Z.A. to reside primarily with the father during the summer and other school breaks, including those that occur over major holidays. In particular, the parenting plan provides for Z.A. to spend every Thanksgiving holiday and winter break in Washington. In alternate years, the plan allows the mother an overnight visit with Z.A. on Christmas Eve in Washington. The parenting plan requires the parties to equally share the cost of Z.A.'s travel between Washington and California and to pay their own expenses to accompany her on flights.

The court denied the mother's request to modify or adjust child support, citing three independent reasons: (1) the petition to relocate did not provide a statutory basis to modify or adjust child support, (2) no party "properly noticed a petition to change the child support order[,]" and (3) the evidence submitted did not establish a basis to modify child support in the mother's favor. The mother appeals.[1]

## ANALYSIS

### 1. Residential Schedule

The mother argues that requiring virtually all school holidays to be spent with the father in Washington does not serve the best interests of the child and fails to recognize the importance of Z.A.'s relationships with the mother and her maternal relatives. The mother characterizes the provision that allows her to spend less than 48 hours with Z.A. at Christmas every other year in Washington as a "restriction," akin to those provided for under RCW 26.09.191 (authorizing restrictions on parental rights based on specific findings). We disagree.

When considering "fact based domestic relations issues," the Washington Supreme Court has recognized that "a trial judge is in the best position to assign the proper weight to each of the varied factors raised by the submitted affidavits in a particular case." *In re Parentage of Jannot*, 149 Wn.2d 123, 127, 65 P.3d 664 (2003) (emphasis omitted). In particular, a trial court has broad discretion in structuring a parenting plan, guided by the applicable statutes. *In re Marriage of*

---

[1] The court also retained the joint decision-making provisions of the 2020 plan. The mother does not challenge that aspect of the new parenting plan.

*Katare*, 175 Wn.2d 23, 35, 283 P.3d 546 (2012); RCW 26.09.187. We review challenged provisions of a parenting plan for an abuse of discretion. *In re Marriage of Black*, 188 Wn.2d 114, 127, 392 P.3d 1041 (2017). A trial court abuses its discretion when its decision is manifestly unreasonable, is based on untenable grounds or reasons, or misapplies the law. *Id.*

The trial court did not abuse its discretion in deciding these issues. Contrary to the mother's assertion, the parenting plan's requirement that each parent must remain in the state where the child is located during visits of less than two days is not a parental restriction under RCW 26.09.191. The provision is simply protective of Z.A.'s well-being, given her age and developmental level. But even if this requirement were a restriction, the mother's argument that consolidating the father's residential time during school holidays "serves no purpose" lacks merit, as the obvious purpose is "to maximize the amount of time [Z.A.] can spend in Washington with [her father], her half-sister, and her extended family."

Nor are the residential provisions legally or factually untenable as required to show an abuse of discretion. They are consistent with the statute governing residential provisions. *See* RCW 26.09.187(3)(a) (residential provisions must "encourage each parent to maintain a loving, stable, and nurturing relationship with the child, consistent with the child's developmental level and the family's social and economic circumstances"); RCW 26.09.187(3)(a)(i) (the "relative strength, nature, and stability of the child's relationship with each parent" is the most significant consideration in crafting a residential schedule). Maximizing time with the non-relocating parent is also consistent with the trial court's

unchallenged findings that Z.A. has "an equally strong and stable relationship" with each parent, has two "capable, loving parents" who are able to meet her needs, and has strong relationships with extended family and half-siblings on both sides. *See In re Marriage of Knight*, 75 Wn. App. 721, 732, 880 P.2d 71 (1994) (unchallenged findings are verities on appeal).

The essence of the mother's claim is that the court should have prioritized certain family relationships differently, but this contention fails to appreciate the court's findings, ignores the applicable legal standards, and misapprehends this court's role. Contrary to the mother's apparent belief, we do not reweigh the evidence to determine if we would reach a different conclusion from the trial court. *See In re Marriage of McNaught*, 189 Wn. App. 545, 561, 359 P.3d 811 (2015). For this reason too, the mother fails to establish that the trial court abused its discretion in formulating the residential provisions in the parenting plan.

2. Child Support

Washington courts retain "general and equitable powers to modify any order pertaining to child support payments when the child's needs and parents' financial ability so require." *In re Marriage of Schumacher*, 100 Wn. App. 208, 213, 997 P.2d 399 (2000). The party seeking modification has the burden of justifying a basis for modification. *In re Marriage of Bucklin*, 70 Wn. App. 837, 839, 855 P.2d 1197 (1993). Consistent with our review of residential provisions,

we review decisions on modification of child support for an abuse of discretion.[2] *Choate v. Choate*, 143 Wn. App. 235, 240-41, 177 P.3d 175 (2008).

The mother contends that, contrary to the trial court's determination, she properly petitioned the court to modify child support by filing an amended petition to modify the parenting plan that included a specific request to change the child support amount, along with child support worksheets. And, she appears to claim there was a factual basis to modify child support because (1) the parties agreed below that child support should be modified, (2) the father did not submit all financial documents required under the local rules or establish a substantial reduction of income, and (3) the parties' agreement to a $100 transfer payment was premised on the father's promise to provide additional tangible support, which he subsequently failed to provide.

Even if we assume that modification of child support was properly before the court based on the mother's petition filed under RCW 26.09.260 (motions to modify parenting plan or custody decree), none of the mother's arguments is persuasive.

- The father did not seek to modify child support below and unequivocally asked the court to maintain the 2020 support order.

---

[2] As a general rule, a court must find a substantial change of circumstances before modifying a support order. RCW 26.09.170(5)(a); *Pippins v. Jankelson*, 110 Wn.2d 475, 480, 754 P.2d 105 (1988). But, as the mother points out, this rule presumes that the court which imposed the existing support obligation independently examined the evidence after a contested hearing. *Id.* at 480-81. When, as appears to be the case here, the support order arises from an uncontested proceeding, we presume the court did not independently assess the evidence, and a substantial change of circumstances need not be shown unless a party rebuts the presumption. *Id.* at 481-82; *Schumacher*, 100 Wn. App. at 213. There is nothing in the record here to indicate that any party rebutted the presumption or that the trial court applied a substantial change of circumstances standard to the mother's request.

Thus, there was no agreement to modify child support as the mother claims.

- As to the father's financial circumstances, uncontroverted evidence established that, at the time of trial, the father had been unemployed for two months due to a labor strike. The evidence also showed that the father's monthly unemployment income was roughly equal to his income level in 2020 when the child support order was entered. On the other hand, the evidence indicated that the mother's income at the time of the trial exceeded her income in 2020 by at least 30 percent, and the documentary evidence she supplied did not substantiate some of her claimed major expenses.

- As the trier of fact, the trial court was not required to credit the mother's testimony about the parties' verbal agreement that the father would provide tangible necessities for Z.A., in addition to child support, over the documentary evidence and the father's conflicting testimony.

In short, the trial court did not abuse its discretion in finding no factual or equitable basis to modify support.

3. Attorney Fees

Both parties request an award of attorney fees on appeal. The father contends that fees are warranted under RCW 26.09.140 and/or RCW 4.84.185. While RCW 26.09.140 provides discretion to award fees based on consideration of the arguable merits and the parties' respective financial circumstances, the father has not filed a financial declaration to establish his current financial need.

And this court has held that RCW 4.84.185, the frivolous lawsuit statute, does not provide a basis for recovery of fees on appeal. *Hanna v. Margitan*, 193 Wn. App. 596, 614-15, 373 P.3d 300 (2016). In any event, although the mother does not prevail, we do not view her appeal as so devoid of debatable issues as to be frivolous. *See Advocates for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 170 Wn.2d 577, 580, 245 P.3d 764 (2010) (appeal is frivolous if, on review of the entire record, the appeal presents no debatable issues upon which reasonable minds might differ and is so devoid of merit that there is no possibility of reversal).

The mother alleges deficiencies in the father's briefing and lack of compliance with GR 14.1 (pertaining to citation of unpublished authority) but identifies no specific statute or procedural rule in support of her request for fees, as RAP 18.1 requires. Accordingly, we deny both parties' requests for fees on appeal.

Affirmed.[3]

Feldman, J.

WE CONCUR:

Chung, J.

Hazelrigg, ACJ

---

[3] The concluding sentence of the father's brief references a stay of the trial court's orders. But the father has made no motion to stay and, apart from this single reference, all of his arguments are directed toward affirming the trial court's orders. We therefore disregard the reference. *See Christian v. Tohmeh*, 191 Wn. App. 709, 728, 366 P.3d 16 (2015) (passing treatment of an issue or lack of reasoned argument does not merit appellate review).