IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 34392-8-III |
| | ) | |
| CHANEL L. WELSH, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| CHRIS J. WELSH, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Chris Welsh appeals an order of child support issued as part of his divorce decree. We affirm.

## FACTS

Chanel and Chris Welsh were married in 2010 and separated in 2015. They have three children, the oldest of which was four years old at the time of separation. The youngest child was born three months after separation.

Mr. Welsh works full-time at 32 hours per week. He has a gross monthly income of $6,131.90 and net income of $4,410.72.

Ms. Welsh works part-time earning a gross monthly income of $2,653.70, and net income of $2,159.60. Her part-time schedule allows her to attend to the special needs of

the Welshes' youngest child, who has Cornelia de Langes Syndrome (CdLS). If Ms. Welsh were to work full-time, 32 hours per week, her gross income would be $4,160.00 with a net income of $3,555.00.

CdLS is a genetic disorder that can cause a range of physical, cognitive, and medical challenges. The Welshes' child experiences difficulty in eating so he has to be breast fed to support his nutrition and growth levels. There are 11 doctors and specialists, along with other health care providers, working to attend to his issues. This child has many medical conditions caused by CdLS and his special needs will increase over time.

In determining the standard calculation for child support, the court utilized a full-time, 32-hour week, income for Mr. Welsh and a 20-hour week income for Ms. Welsh.[1] The court found it just and equitable for Ms. Welsh to have her income imputed at only 20 hours per week, given the special needs of her youngest child. However, the court's order also determined that once the parties' youngest child was cleared by his primary physician to have overnight visits with Mr. Welsh, Ms. Welsh would be able to work a full-time schedule and her wages would be imputed as such.

---

[1] The court's order also calculated a support schedule based on both parents working 32 hours per week. However, that alternate schedule was not intended to take effect until Ms. Welsh was able to return to full-time work.

2

The court considered Mr. Welsh's request for a deviation in child support, based on his shared residential time with the children. The court ultimately decided to postpone a deviation based on this factor until after Ms. Welsh was able to engage in full-time work. The court reasoned that postponement was necessary to assure adequate income in Ms. Welsh's home.

The decree of dissolution, parenting plan and order for child support were entered on April 1, 2016. Mr. Welsh appeals.

## ANALYSIS

### Standard of review

This court reviews child support orders for an abuse of discretion. *In re Marriage of Griffin*, 114 Wn.2d 772, 776, 791 P.2d 519 (1990); *In re Parentage of O.A.J.*, 190 Wn. App. 826, 830, 363 P.3d 1 (2015). In determining whether the trial court abused its discretion, this court reviews the factual findings for substantial evidence and for legal error. *O.A.J.*, 190 Wn. App. at 830. Discretion is abused when a court's decision is entered on grounds either manifestly unreasonable or clearly untenable. *Id.*

### Imputing part-time income

The court must impute income to a parent when he or she is voluntarily underemployed. RCW 26.19.071(6). To determine whether a parent is voluntarily

underemployed, the court considers the "parent's work history, education, health, and age, or any other relevant factors." *Id.* Although "voluntary underemployment" has not been formally defined, it can be treated similarly to "voluntary unemployment," which was defined as "unemployment that is brought about by one's own free choice and is intentional rather than accidental." *In re Marriage of Brockopp*, 78 Wn. App. 441, 446 n.5, 898 P.2d 849 (1995).

The facts before the court justified finding Ms. Welsh's underemployment was not voluntary. Due to the extraordinary special needs of the Welshes' youngest child, Ms. Welsh could not reasonably be expected to work full-time. Nor could she reasonably delegate her childcare responsibilities to a paid provider. The child required sustenance through breastfeeding and frequent visits with medical professionals. Given the unique circumstances of this case, the trial court had ample discretion to impute Ms. Welsh's income based on her part-time wages.

*Postponement of residential deviation*

Mr. Welsh requested a downward deviation in his child support obligation based on his shared residential time with the parties' two oldest children. The trial court deferred ruling on this request. We find no abuse of discretion.

4

No. 34392-8-III
*In re Marriage of Welsh*

Courts are prohibited from deviating from the standard child support calculation based on shared residential time if doing so will result in insufficient funds for a child's basic needs. RCW 26.19.075(1)(d). Based on Ms. Welsh's involuntary limited income, the trial court determined a deviation favoring Mr. Welsh would leave Ms. Welsh's household with insufficient funds to meet the basic needs of the children. There is sufficient factual support in the record for this determination. Accordingly, the trial court properly denied Mr. Welsh's request until such time that Ms. Welsh would be able to engage in full-time work.

## CONCLUSION

The decisions of the trial court are affirmed. Mr. Welsh's request for attorney fees is denied.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Lawrence-Berrey, J.

5