IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ABDIFATAH GONI,<br><br>               Appellant,<br><br>v.<br><br>STATE OF WASHINGTON,<br>DEPARTMENT OF SOCIAL AND<br>HEALTH SERVICES,<br><br>               Respondent. | No. 87387-3-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

COBURN, J. — Shukri Egal asked the State to secure child support for her three children from their father, Abdifatah Goni. After receiving a notice and finding of financial responsibility, Goni requested a hearing before an administrative law judge (ALJ). Goni and Egal relied on a Somali interpreter at the telephonic hearing. Prior to the hearing, Goni's counsel sent his exhibits to the Department of Social and Health Services, Division of Child Support (DCS) but did not send them to Egal or upload them to the ALJ's office portal. At the end of the hearing, the ALJ allowed DCS to later forward Goni's exhibits to the ALJ. Over Egal's objection, the ALJ allowed Goni's exhibits to be part of the record but asked DCS to send copies to Egal, who was given a week to file her objections.

Goni now appeals the ALJ's child support orders, arguing that the judge misapplied the law in (1) finding that Goni does not have a minor child from another

relationship, which could warrant a deviation under RCW 26.19.075(1)(e)(iii); and (2) determining his net income by refusing to subtract his claimed "[c]ar and truck expenses" on his 2022 tax form as "[n]ormal business expenses" under RCW 26.19.071(5)(i). Though the decision to deviate from the standard calculation for child support is discretionary, the ALJ's finding that Goni "has no additional minor children" was not supported by substantial evidence and the trial court failed to make mandatory written findings to support its denial of Goni's apparent request for a deviation. RCW 26.19.075(3). For that reason, we reverse in part and remand for reconsideration of Goni's claim he supports another minor child. We also direct the ALJ to hold a hearing as to this issue, allowing Egal the opportunity to respond to Goni's related exhibits with the assistance of an interpreter.

Because RCW 26.19.071(5)(i) requires justification for any business expense deduction where there is disagreement, the ALJ did not misapply the law in rejecting Goni's claim of $54,968 in "[c]ar and truck expenses" listed on his 2022 tax return without more in the record justifying that claim. We affirm as to that issue.

FACTS

Goni and Egal were married from 2011 to 2017 and have three children together. Upon dissolution of their marriage, no child support was ordered. The three children reside with Egal.

In July 2023 Egal applied to DCS to establish and collect child support for Egal's children from their father, Goni. DCS prepared a Notice and Finding of Financial Responsibility and served it on Goni. Goni objected and requested a hearing, which was held telephonically before an ALJ. Egal appeared pro se, Goni appeared represented by

2

an attorney, and a DCS claims officer appeared.[1]

A Somali interpreter was provided at the hearing to assist both Goni and Egal. At the start of the hearing, the ALJ admitted DCS' 24 proposed exhibits, including the notice and finding of financial responsibility, DCS' proposed child support worksheets, birth records, and Egal's employment security data. Goni and Egal did not object to these exhibits.

Goni testified that he previously worked as a caregiver but has worked as a Lyft driver since 2016. The admitted exhibits included Goni's monthly income and expenses for June and July 2023. These exhibits indicated that Goni spent $720 on "Foul [sic]," $780 on "Dispatch fee," $467 on "Insurance," $281 on "Phone bill," $30 on "Toll," $60 on "Car wash," and $500 on "Car maintenance" for a total of $2,838. For those months, his gross monthly income was stated as $4,038 and he had a "profit" of $1,200.

Goni also testified that he has a minor child from another relationship who does not live with him. He confirmed that he does not have an obligation to pay child support to that child even though he provides "assistance and support."

After the ALJ, Goni's attorney, and DCS questioned Goni, the ALJ asked Egal whether she had any questions for Goni. Egal replied, "[e]verything [Goni] testified about, he lied about, and I have a lot of questions for him." The ALJ responded, "[w]ell, I will take your testimony and you can explain what you disagree with." Egal testified that she works as a caregiver, earning $20 an hour working 160 hours a month.

Goni was not asked about any of his exhibits, which his counsel later explained he wanted to submit but could not upload into the ALJ's office portal. Counsel explained

---

[1] The ALJ's Final Order incorrectly noted that Goni represented himself.

that he had sent the exhibits to DCS but had not sent them to Egal because he did not have her address. The ALJ asked DCS to forward to him Goni's exhibits and send copies to Egal. The ALJ said he would hold the record open until he received Goni's exhibits. The ALJ then asked Egal if she had any objections to Goni's exhibits being sent to the ALJ's office after the hearing and included in the record. Egal replied, "[o]h, I don't want – those are not, uh, correct, uh, documents. He has hidden his income information. He lied about them." The ALJ told Egal she would have a week to review those documents and file any objection to them.

Goni's 2022 tax return listed his gross income as $129,718. Goni also claimed $54,968 under the "[c]ar and truck expenses" category and $52,988 under the "[o]ther expenses" category. For his "[c]ar and truck expenses," Goni reported that he placed his vehicle in service for business purposes on January 1, 2020, and has driven 89,645 miles for "[b]usiness." The record supports that he only has one vehicle. Though he used the same vehicle for personal use when not working, Goni indicated he drove the vehicle 0 miles for "[o]ther" and left the number of miles driven for "[c]ommuting" blank. He also indicated that he has written evidence to support this deduction. Goni did not provide any written evidence to support the $54,968 expense. For his $52,988 "[o]ther expenses," Goni listed $3 in "Uber - Tolls," $37,247 as a "Lyft - Platform Fee," $8,559 as a "Lyft - Service Fee," $5,754 as a "Lyft - Third Party Fee," $399 in "Lyft - Tolls," $44 as a "Lyft - Express Pay Fee," and $982 for a "Business phone."

Goni's proposed child support worksheets subtracted his claimed "[c]ar and truck expenses" and his "[o]ther expenses" from his gross monthly income, resulting in a monthly net income of $1,813.50. Goni also indicated on his proposed child support

worksheets that he pays $200 a month in "Monthly Child Support Ordered for Other Children." Finally, Goni included two $200 "PaySii" payment receipts to Xabiibo Xasan Sharaawe" sent in August and October 2023.[2] The receipts do not indicate the reason this money was sent or explain the relevance of why someone named Sharaawe received payment.

The record does not reflect that Egal filed any post-hearing objection. The ALJ considered all exhibits submitted and the testimony from the hearing in issuing its final order. The ALJ determined that Egal's monthly net income was $2,936.62. As for Goni's net income, the ALJ's order explained that Goni has business deductions totaling $52,988, so his remaining gross income is $76,730. The ALJ rejected Goni's claim of $54,968 as "[c]ar and truck expenses," finding it was "depreciation of his vehicle" that is "not a deduction based on the support table and worksheets." After considering Goni's federal income tax and self-employment tax, the ALJ determined that Goni's gross monthly income is $6,394 and his net monthly income is $4,693.44.

According to the ALJ's child support schedule worksheet, Goni and Egal's combined monthly income totals $7,530.06 with Goni's proportional share as ".610" and Egal's proportional share as ".390." Goni's basic child support obligation is $740 per child. Accordingly, the ALJ ordered Goni to pay $1,354.20 in monthly child support and $7,382.52 in child support debt for the period of July 18, 2023, through December 31, 2023. The ALJ found that "Goni has no additional minor children." The ALJ did not make any findings related to deviation from the standard child support calculation.

Goni sought reconsideration, and after the ALJ denied his motion, he petitioned

---

[2] Each "PaySii receipt had a $10 fee charge for a total of $210.

for review in superior court. On Goni's unopposed motion, the superior court certified the case for direct review in this court.[3]

DISCUSSION

Standard of Review

An ALJ's final order in a proceeding to set child support is reviewed under the judicial review provisions of the Washington Administrative Procedure Act (WAPA), chapter 34.05 RCW. RCW 74.20A.055(1); WAC 388-14A-6120(6). We apply the standards of the WAPA directly to the record before the agency on review. Tapper v. Emp't Sec. Dep't, 122 Wn.2d 397, 402, 858 P.2d 494 (1993). We review questions of law and an agency's application of the law de novo. Cornelius v. Dep't of Ecology, 182 Wn.2d 574, 585, 344 P.3d 199 (2015).

This court grants relief from an agency decision if, among other things, the ALJ erroneously interpreted or applied the law, if substantial evidence in the record does not support the decision, or if the decision is arbitrary and capricious. RCW 34.05.570(3)(d), (e), (i). Substantial evidence exists where the evidence is sufficient to persuade a fair-minded person of the truth of the premise asserted. Cornelius, 182 Wn.2d at 607. When a statute is within the agency's area of expertise, we defer to the agency's interpretation of it. Crosswhite v. Dep't of Soc. & Health Servs., 197 Wn. App. 539, 549, 398 P.3d 731 (2017) (quoting Cornelius, 182 Wn.2d at 585). "Deference 'is inappropriate when the agency interpretation conflicts with the statute.'" Id. (quoting Brown v. Dep't of Soc. & Health Servs., 145 Wn. App. 177, 183, 185 P.3d 1210 (2008)).

Under RCW 74.20A.055(1), DCS can seek child support when there is no court

---

[3] See RCW 34.05.518 (administrative agency final decision in an adjudicative proceeding is directly reviewable by court of appeals after superior court certification).

order setting support or relieving a parent from having to pay. In all judicial or administrative proceedings that determine or modify child support, the uniform "child support schedule" applies. RCW 26.19.035(1)(b), (c); In re Marriage of Brockopp, 78 Wn. App. 441, 445, 898 P.2d 849 (1995). RCW 26.19.011(2) defines the "[c]hild support schedule" as "the standards, economic table, worksheets, and instructions" of chapter 26.19 RCW. The legislature adopted the uniform child support schedule to equitably apportion child support between parents, ensure that support meets a child's basic needs, and provide additional support corresponding with the parent's income, resources, and standard of living. RCW 26.19.001.

DCS or the court must base the basic child support obligation on the statutory economic table when setting child support. In re Marriage of McCausland, 159 Wn.2d 607, 611, 152 P.3d 1013 (2007); RCW 26.19.011(1), 020. The economic table is presumptive for combined monthly net incomes up to and including $50,000. RCW 26.19.065(3). DCS or the court must then allocate the child support obligation between the parents based on the proportionate share of their combined monthly net incomes. RCW 26.19.080(1).

<u>Child Support</u>

Goni disputes the ALJ's finding that he does not have a minor child from another relationship.

RCW 26.19.075(4) provides that child support deviations are discretionary because "[w]hen reasons exist for deviation, the court shall exercise discretion in considering the extent to which the factors would affect the support obligation." "When considering a deviation from the standard calculation for children from other

7

relationships, <u>the court may consider only other children to whom the parent owes a duty of support</u>." RCW 26.19.075(1)(e)(iii) (emphasis added). Moreover, RCW 26.19.075(2) requires "specific reasons for deviation" in written findings of fact that are supported by substantial evidence. Specifically, "[t]he court shall enter findings that specify reasons for any deviation or any denial of a party's request for any deviation." RCW 26.19.075(3). Overall, the ALJ must consider "the total circumstances of both households" when determining whether to award a deviation based on child support paid to children from other relationships. RCW 26.19.075(1)(e)(iv).

In Goni's proposed child support worksheet, he stated that he pays $200 a month for a child from another relationship. At the hearing, Goni testified that he has a minor child from another relationship for whom he provides assistance and support. However, he confirmed that there is no obligation that he pay child support for this child. The record includes money receipts that Goni sent to "Xabiibo Xasan Sharaawe" totaling $200 but there is no evidence in the record as to Goni's relationship to Sharaawe or that these payments are child support payments.

The ALJ did not enter written findings of fact acknowledging Goni's testimony that he has a minor child from another relationship. Rather, the ALJ concluded that "Goni has no additional minor children." The ALJ must provide specific reasons for its decision in written findings of fact, supported by substantial evidence, as required under RCW 26.19.075(2).

We note that in State v. Burns, the court defined the "duty of support" language in RCW 26.19.075(1)(e)(iii). 190 Wn. App. 826, 832, 363 P.3d 1 (2015). The father in Burns appealed a child support order declining his request for a downward deviation in

child support based on children from another relationship after the trial court found that his declaration alone did not provide sufficient evidence that he owed a duty of support to another child. Id. at 829. The court agreed with the trial court and held that "to obtain a deviation from the child support guidelines due to paying for the support of children from other relationships, the parent must establish the existence of a judicially enforceable support obligation concerning those children." Id. at 835. The court reasoned that "[b]ecause chapter 26.18 RCW is a mechanism by which courts can enforce the support obligation, there must be sufficient formality to the obligation that a court has something to enforce." Id.

Goni is correct that substantial evidence does not support the ALJ's finding that he does not have an additional minor child. It is not altogether clear if the ALJ mistakenly did not consider Goni to be requesting a deviation from the standard child support calculation, did not think the record supported whether Goni owed a duty to support another child, or declined to consider a deviation for some other reason. The record is absent of any written finding denying a request for deviation. Accordingly, we reverse in part and remand for the ALJ to reconsider Goni's claim as to this issue. Given that we remand for reconsideration of this issue, we also direct the ALJ to conduct a hearing, allowing Egal to appear and respond with the assistance of an interpreter to any related exhibits that were not provided to her before or during the last hearing when she had the assistance of an interpreter.

Income Calculation

Goni also contends that the ALJ misapplied the law by failing to classify his $54,968 "[c]ar and truck expenses" as business expenses in determining his net

9

income.

The federal tax code permits a taxpayer to treat certain depreciable business assets as expenses and deduct the entire cost of the item in a taxable year. 26 U.S.C. § 179. RCW 26.19.071 sets the standards for determining income for child support and explains how the court should calculate the monthly net income of each parent. "All income and resources of each parent's household shall be disclosed and considered by the court when the court determines the child support obligation of each parent." RCW 26.19.071(1). RCW 26.19.071(3) lists income sources that must be included when calculating gross monthly income, such as salaries, wages, and commissions. RCW 26.19.071(5) includes income sources that "shall be disclosed and deducted from gross monthly income to calculate net monthly income." As applicable to this appeal, "[n]ormal business expenses" for self-employed people must be deducted from gross income. RCW 26.19.071(5)(i). However, "[j]ustification shall be required for any business expense deduction about which there is disagreement." RCW 26.19.071(5)(i).

At the hearing, the ALJ asked Egal whether she has any objection to Goni's exhibits and she replied that Goni's exhibits are not correct and "[h]e has hidden his income information" and "lied about them." Therefore, there was a disagreement as to Goni's business expense deductions for which Goni was then required to provide justification under RCW 26.19.071(5)(i).

The only possible explanation in the record as to Goni's $54,968 in "[c]ar and truck expenses" is that he claimed 89,645 business miles related to his vehicle. Goni also indicated on the tax form that he uses the same vehicle for personal use when not working but drove "0" miles for "[o]ther" and left blank the number of miles driven for

commuting. In closing, Egal stated that Goni has his own car. To the extent Goni provided June and July monthly expenses that include "[f]oul [sic]," dispatch fee, insurance, toll, car maintenance, phone bill, and car wash, these expenses do not add up to the almost $55,000 in "[c]ar and truck expenses" he claimed on his tax form. Additionally, these monthly expenses were from 2023 so they would not even be included in his 2022 tax return.

Based on this record, the ALJ's finding that Goni's $54,968 was vehicle depreciation and not business expenses is supported by substantial evidence when viewed in light of the whole record under RCW 26.19.071(5)(i).

CONCLUSION

Because the ALJ's finding that Goni did not have an additional minor child is not supported by substantial evidence, we reverse and remand for the ALJ to reconsider what appears to be Goni's request for a deviation based on a claim he supports another child. Because the exhibits Goni relies on were not provided to Egal during or prior to the hearing when she had the assistance of an interpreter, we direct the ALJ to conduct another hearing to provide Egal with an opportunity to respond with the assistance of an interpreter. We affirm the ALJ's decision to not deduct Goni's $54,968 "[c]ar and truck expenses" from his gross income.

Coburn, J.

WE CONCUR: